UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Jessica Abreu                                 Sylvia Kim

**Proceedings:**     PLAINTIFF'S MOTION TO REMAND CASE (Dkt. 14, filed on May 2, 2025)

## I.     INTRODUCTION

On August 15, 2024, plaintiff Diana A. Bernardo ("plaintiff") filed this putative class action against defendants Carl's Jr. Restaurants, LLC ("Carl's Jr.") and Does 1-10 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). On October 22, 2024, plaintiff filed the operative first amended complaint in Los Angeles County Superior Court against the same defendants. Dkt. 1, Ex. B ("FAC"). Plaintiff asserts nine claims for relief: (1) failure to pay minimum wages pursuant to Cal. Lab. Code §§ 204, 1194, 1194.2, 1197; (2) failure to pay overtime compensation pursuant to Cal. Lab. Code §§ 1194, 1198; (3) failure to provide meal periods pursuant to Cal. Lab. Code §§ 226.7, 512; (4) failure to authorize and permit rest breaks pursuant to Cal. Lab. Code § 226.7; (5) failure to indemnify necessary business expenses pursuant to Cal. Lab. Code § 2802; (6) failure to timely pay final wages at termination pursuant to Cal. Lab. Code §§ 201-203; (7) failure to provide accurate itemized wage statements pursuant to Cal. Lab. Code § 226; (8) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (9) civil penalties under the California Private Attorney General Act, Cal. Lab. Code § 2699, *et seq.* ("PAGA").[1] Id.

---

[1] The complaint asserted the same claims as the FAC, with the exception of the ninth claim under PAGA, which was added in the FAC. Compare Compl., with FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

On January 30, 2025, Carl's Jr. removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").[2] Dkt. 1.

On May 2, 2025, plaintiff filed the instant motion to remand the case to Los Angeles County Superior Court. Dkt. 14 ("Mot."). On May 12, 2025, Carl's Jr. filed an opposition. Dkt. 15 ("Opp."). Carl's Jr. concurrently filed a request for judicial notice. Dkt. 16 ("RJN"). On May 19, 2025, plaintiff filed a reply. Dkt. 17 ("Reply"). On the same day, plaintiff filed objections to Carl's Jr.'s request for judicial notice. Dkt. 18 ("Pl. Obj."). On May 20, 2025, Carl's Jr. filed objections to plaintiff's reply. Dkt. 19 ("Def. Obj.").

On June 2, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   Allegations in the FAC

Plaintiff is a California resident who has worked for defendants in Los Angeles County, California as an hourly, non-exempt cashier since August 2022. FAC ¶ 8. Defendant Carl's Jr. is a Delaware corporation that maintains offices, has agents, employs individuals, and/or transacts business in Los Angeles, California. Id. ¶ 10.

Plaintiff brings her first eight claims as a class action on behalf of herself and certain current and former employees of defendants. Id. ¶ 2. The purported class, estimated to be greater than 100 individuals, consists of "[a]ll persons who worked for any [d]efendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the [c]lass is sent." Id. ¶¶ 24, 27. Plaintiff brings her ninth claim as a representative action under PAGA. Id. ¶ 2.

Plaintiff states that she was typically scheduled to work five days in a workweek, in excess of eight hours per day. Id. ¶ 14. Plaintiff alleges that "[t]hroughout the statutory period, [d]efendants failed to pay [p]laintiff for all hours worked (including minimum wages and overtime wages), failed to provide [p]laintiff with uninterrupted

---

[2] Separately, on February 24, 2025, defendant Carl's Jr. filed a motion to dismiss the FAC, which is set for hearing on June 23, 2025. Dkt. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

meal periods, failed to authorize and permit [p]laintiff to take uninterrupted rest periods, failed to indemnify [p]laintiff for necessary business expenses, failed to timely pay all final wages to [p]laintiff when [d]efendants terminated [p]laintiff's employment, and failed to furnish accurate wage statements to [p]laintiff." Id. ¶ 15. According to plaintiff, her experience was typical. Id.

 Plaintiff alleges that defendants "maintained a policy and practice of not paying" plaintiff and the putative class members for all hours worked, including overtime wages. Id. ¶ 16. Plaintiff states that when she and the putative class members earned non-discretionary bonuses and other remuneration, defendants failed to properly incorporate it in their overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay. Id. Further, plaintiff alleges that defendants "regularly" used a system of time rounding that failed to compensate plaintiff and the putative class members for "all the time they [] actually worked," even though defendants' operations allow for work time to be counted to the minute. Id. Plaintiff next asserts that she and the putative class members were required to work "off-the-clock" uncompensated. Id. For example, plaintiff states that they were required to respond to work questions and assist customers before and after their shifts. Id. Plaintiff also alleges that defendants failed to maintain accurate records of the hours worked by their employees. Id.

 Additionally, plaintiff alleges that defendants maintained a policy and practice of failing to provide plaintiff and the putative class members with legally compliant meal and rest periods. Id. ¶¶ 17-18. Plaintiff states that defendants "often" required them to work in excess of five consecutive hours without providing a 30-minute, continuous and uninterrupted, duty-free meal period, or without compensating them accordingly. Id. ¶ 17. Similarly, plaintiff states that defendants often required them to work in excess of four consecutive hours per day, without permission to take a ten-minute, continuous and uninterrupted rest period, or without compensating them accordingly. Id. ¶ 18. Plaintiff states that defendants did not adequately inform her and the putative class members of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than ten hours, by the end of the tenth hour of work. Id. ¶ 17. Plaintiff also states that defendants did not adequately inform them of their right to take a rest period or maintain accurate records of employee work and rest periods. Id. ¶ 18. For example, plaintiff alleges that they were required to prioritize defendants' assignment of "heavy workloads," including assisting customers, before and during meal and rest periods, resulting in late, shortened, interrupted, or missed meal and rest periods. Id. ¶¶ 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

Further, plaintiff alleges that defendants required their employees to pay expenses that they incurred in direct discharge of their duties, without reimbursement. Id. ¶ 19. According to plaintiff, this included the purchase of work uniforms such as pants and non-slip shoes. Id. Plaintiff also alleges that defendants "willfully failed and refused" to timely pay plaintiff and the putative class members at the conclusion of their employment, including minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Id. ¶ 20. Lastly, plaintiff states that defendants failed to furnish accurate, itemized wage statements showing all applicable rates and wages earned. Id. ¶ 21. Plaintiff asserts that this failure resulted in injury because the putative class members were led to believe that they were not entitled to their appropriate wages and that they had been paid the appropriate wages at the correct California rate. Id. According to plaintiff, this hindered the putative class members from determining the wages that were owed to them, forced them to perform calculations to determine what was owed to them, and caused them to lose accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits owed to them. Id.

**B.   Carl's Jr.'s Declaration of Kevin Sharkey**

Attached to its opposition brief, Carl's Jr. submits the declaration of Kevin Sharkey ("Sharkey"), the Director of Human Resources Operations for CKE Restaurant Holdings, Inc. and its subsidiaries, including Carl's Jr. Dkt. 15-2 ¶ 2. Sharkey states that, in the normal course of his duties, he is familiar with and regularly accesses data related to Carl's Jr.'s employees. Id. ¶ 3. He asserts that he directed a review of Carl's Jr.'s records pertaining to plaintiff and other individuals who are or were employed by Carl's Jr. in California as non-exempt, hourly paid employees from August 15, 2020 through January 6, 2025. Id. ¶ 4. He states that this review provided the following data:

a. The putative class members worked an aggregate total of at least 974,964 workdays;
b. Their average base regular rate of pay was at least $17.97 per hour;
c. They worked an aggregate total of at least 931,172 workdays with shifts of over 3.5 hours;
d. They worked an aggregate total of at least 746,995 workdays with shifts of over five hours;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

   e. They worked an aggregate total of at least 134,815 workdays with shifts of over eight hours but not more than 12 hours, during which they worked an aggregate total of at least 106,876.53 hours in excess of eight hours in a day;
   f. They worked an aggregate total of at least 2,065 workdays with shifts of over 12 hours, during which they worked an aggregate total of at least (i) 8,260 hours in excess of eight but less than 12 hours in a day; and (ii) 2,448.92 hours in excess of 12 hours in a day.

Id. ¶ 5. Sharkey also provides these data for the August 15, 2021 to January 6, 2025 time period, in relation to claims with a three-year statute of limitations. Id. He states that:

   a. At least 3,017 putative class members who were paid any wages during that period separated from their employment;
   b. At least 2,755 putative class members separated from their employment during that period who worked at least one shift of 3.5 hours or longer within three months of their separation date;
   c. Those former employees who were paid any wages during that period were paid an average base regular rate of pay of at least $17.00 per hour, and those who worked at least one shift of 3.5 hours or longer during that period within three months of the date they separated from their employment were paid an average base regular rate of pay of at least $16.72 per hour;
   d. Those former employees who were paid any wages during that period worked an average of at least 5.37 hours per day, and those who worked at least one shift of 3.5 hours or longer during that period within three months of the date they separated from their employment worked an average of at least 5.41 hours per day.

Id. Finally, Sharkey states that, for the one-year statute of limitations period from August 15, 2023 to January 6, 2025, at least 82,590 wage statements were issued to 2,133 putative class members. Id.

## III.   LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84-85, (2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554. CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165, (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)). Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the defendant's evidentiary burden in opposing a motion to remand depends on whether plaintiff has mounted a facial or factual attack on defendant's jurisdictional allegations. Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020). A facial attack "accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," thus calling for the Court to "determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Id. (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). In contrast, a factual attack "contests the truth of [defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020). Although a plaintiff may present evidence in support of a factual attack, they "need only challenge the truth of defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence." Id. at 700.

Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co.,116 F.3d 373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## IV.  DISCUSSION

Plaintiff argues that remand is proper because Carl's Jr.'s removal was untimely and Carl's Jr. has not satisfied its burden of proving that the amount in controversy exceeds $5 million. Mot. at 1-2. The Court addresses each issue in turn.

### A.  Timeliness of Removal

Plaintiff argues that Carl's Jr. did not timely remove this case within 30 days of receipt of the initial pleading. Mot. at 5. Plaintiff contends that it served Carl's Jr. with the initial complaint on September 17, 2024, setting the removal deadline as October 17, 2024, but Carl's Jr. improperly waited until January 30, 2025 to remove the case. Id. Plaintiff asserts that Carl's Jr. "solely" relies on the facts pled in the complaint in its notice of removal, including that plaintiff is a resident of California seeking certain categories of damages, Carl's Jr. is a Delaware corporation, and the class is greater than 100 putative members. Id. Plaintiff states that the FAC did not trigger a new deadline, since nothing cited in Carl's Jr.'s notice of removal or calculation of the amount in controversy was amended in plaintiff's FAC. Id. Even if the FAC triggered a new 30-day deadline, plaintiff argues that removal was still untimely, because the FAC was filed on October 22, 2024 and Carl's Jr. did not remove the case until January 30, 2025. Id.

Additionally, plaintiff contends that Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1123 (9th Cir. 2013) does not make the removal timely, because Carl's Jr. did not provide any evidence of an independent investigation to support removal. Id. at 6-7. Plaintiff argues that Carl's Jr. did not need to conduct such an investigation, because the facts it relies upon were alleged in the initial complaint. Id. at 7. Finally, plaintiff disputes any argument from Carl's Jr. that the 30-day removal deadline was extended by the parties' joint stipulation to continue the initial status conference and related deadlines, which the Los Angeles County Superior Court approved on January 6, 2025. Id. at 8-9.

In opposition, Carl's Jr. argues that plaintiff does not dispute that neither the complaint nor the FAC reveal on their face "the facts necessary" to establish all of the elements of CAFA jurisdiction. Opp. at 2. Further, Carl's Jr. argues that plaintiff does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

not dispute that she never served Carl's Jr. with any "other paper" that made it clear that all of the CAFA jurisdictional elements were satisfied. Id. at 2-3. Carl's Jr. contends that plaintiff's argument is "disingenuous" because on the one hand, she claims that Carl's Jr. should have been able to determine the amount in controversy from the complaint, but on the other hand, she insists that the complaint does not provide evidentiary support for Carl's Jr.'s amount in controversy calculations. Id. at 3. Because plaintiff never served a pleading or "other paper" sufficient to trigger the 30-day removal deadline, Carl's Jr. argues that removal was timely. Id.

In reply, plaintiff restates her argument that the initial complaint clearly sets forth all of the elements required to invoke CAFA jurisdiction. Reply at 2.

The Court finds that Carl's Jr.'s removal on January 30, 2025 was timely. Pursuant to 28 U.S.C. § 1446, there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)). For the purpose of assessing timeliness, "some pleadings are 'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present." Kohrs v. Swift Transportation Co. of Arizona, LLC, No. 2:24-CV-03570-SVW-MAA, 2024 WL 3462342, at *3 (C.D. Cal. July 18, 2024) (citing Harris, 425 F.3d at 695). In order to trigger the first 30-day clock under § 1446(b) for an "indeterminate" pleading, "the ground for removal must be revealed affirmatively in the initial pleading." Harris, 425 F.3d at 695. "Removals invoking CAFA jurisdiction are equally subject to this rule." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. "[D]efendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" Kuxhausen, 707 F.3d at 1140. This includes "[m]ultiplying figures clearly stated in a complaint." Id. (citing Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 884 (9th Cir. 2010)). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." Rea v. Michaels Stores Inc., 742 F.3d 1234, 1238 (9th Cir. 2014).

Here, plaintiff argues that her complaint and FAC affirmatively revealed Carl's Jr.'s grounds for removal. CAFA jurisdiction exists when (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee, 574 U.S. at 84-85. The parties do not dispute that both the complaint and the FAC affirmatively reveal that the putative class has more than 100 members and that the parties are minimally diverse. See Compl. ¶¶ 7, 9, 26; FAC ¶¶ 8, 10, 27. Therefore, the Court focuses its analysis on whether these pleadings affirmatively reveal an amount in controversy exceeding $5 million. While Carl's Jr. relies partially on plaintiff's allegations to formulate its calculations of the amount in controversy, the Court finds that the calculations are also based on data from an analysis of Carl's Jr.'s business records, as described in Sharkey's declaration. See dkt. 15-2 ¶¶ 4-5. This includes the number of putative class members for each statute of limitations period; their average base regular rate of pay; and their average number of days worked, broken down by the length of shift. Id. ¶ 5. Plaintiff does not allege any of these data points in the complaint or FAC.

Because Carl's Jr. was not under any "duty to make further inquiry" to determine if the complaint or FAC were removable, but such inquiry was required for Carl's Jr. to calculate the amount in controversy, the Court concludes that the pleadings did not affirmatively reveal that the amount in controversy was satisfied. See Kuxhausen, 707 F.3d at 1141 (rejecting argument that defendant "should have consulted its business records to identify a representative valuation" of the putative class members' damages, as "materials outside the complaint [do not] start the thirty-day clock" and "nothing in [the] complaint indicate[d]" the amounts demanded by each putative class member"); Figueroa v. Delta Galil USA, Inc., No. 18-CV-07796-RS, 2019 WL 1433727, at *2 (N.D. Cal. Apr. 1, 2019) (because plaintiff did not allege the amount of missed pay, the number of violations, or the amount of time unpaid per week, defendants "would either have to make further inquiry or extrapolate beyond the FAC to determine the amount in controversy," which they "were not required to do[.]"); Huckaby v. CRST Expedited, Inc., No. 2:21-CV-07766-ODW-PDx, 2022 WL 621688, at *2 (C.D. Cal. Mar. 3, 2022) ("Without any allegations specifying the number of former employees, CRST would have to use subjective knowledge or guesswork to determine the exact number… Because this information is not clearly ascertainable from the face of the Complaint, CRST cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

complete the calculations necessary to determine the amount in controversy."); Sheppard v. Staffmark Inv., LLC, No. 20-CV-05443-BLF, 2020 WL 5593232, at *3 (N.D. Cal. Sept. 18, 2020) ("Due to the general allegations in the FAC with no specific factual allegations or numbers useful to calculate damages amount, Defendant UPS could not have determined the amount in controversy from the FAC via a simple mathematical calculation[.]").

Accordingly, the 30-day clock was not triggered by plaintiff's complaint or FAC, "the 30-day time period never start[ed] to run," and Carl's Jr. was able to remove this action "at any time."[3]  See Rea, 742 F.3d at 1238.  Carl's Jr.'s removal was therefore timely.

**B.  Amount in Controversy Under CAFA**

Even if removal was timely, plaintiff argues that Carl's Jr. has not met its burden of showing that the amount in controversy is satisfied with summary judgment-type evidence.  Mot. at 10-11.  Plaintiff contends that Carl's Jr. uses unreasonable assumptions and does not provide any declaration in the notice of removal to support them.  Id. at 12. Plaintiff asserts that Carl's Jr. improperly assumes that 100% of the regular and temporary employees terminated during the class period are owed the maximum amount of waiting time penalties.  Id.  According to plaintiff, this is in spite of the fact that Carl's Jr. has the records needed to ascertain the number of employees terminated and the amount of penalties.  Id. at 13.  Because the waiting time penalties calculation is deficient, plaintiff argues that Carl's Jr.'s calculation of attorneys' fees, which is based on its waiting time penalties calculation, is also deficient.  Id. at 17.  Further, plaintiff states that Carl's Jr. assumes that attorneys' fees will equal 25% of the recovery, without any proof that its estimate is reasonable.  Id. at 18.  Finally, plaintiff argues that Carl's Jr. failed to address the amount in controversy for its eight other claims.  Id.

In opposition, Carl's Jr. argues that it "can most readily ascertain the violation rate by looking at the plaintiff's complaint," and is not required to introduce evidence of its assumed violation rate.  Opp. at 5 (quoting Perez v. Rose Hills Co., 131 F.4th 804, 808

---

[3] The Court does not examine whether any "other paper" triggered the 30-day clock under § 1446(b)(3), as plaintiff does not make this argument, and no such paper is referenced in the parties' moving papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

(9th Cir. 2025)). Carl's Jr. argues that plaintiff failed to introduce any proof that the amount in controversy is less than $5 million. Id.

Next, Carl's Jr. contends that the amount in controversy on plaintiff's waiting time penalties claim alone satisfies the jurisdictional minimum. Id. at 6. Carl's Jr. argues that plaintiff purports to bring this claim on behalf of all putative class members and does not allege that Carl's Jr. ever paid her or any putative class members wages that were due to them, but not paid, at the time of separation. Id. at 7. Additionally, based on plaintiff's allegation that Carl's Jr. had "a systematic, company-wide policy and practice of" failing to properly pay employees and provide them with meal and rest periods, Carl's Jr. states that it is reasonable to assume that each putative class member went unpaid or was underpaid in some amount at least once. Id. Carl's Jr. further states that a single incidence of nonpayment or underpayment is sufficient to trigger waiting time penalties for the entire 30-day period for all separated putative class members. Id. Applying these assumptions and its payroll data, Carl's Jr. "conservatively" calculates the waiting time penalties amount to be $8,262,657.90 [$17.00 (average base regular rate) x 5.37 (average daily hours) x 30 days x 3,017 separated putative class members].[4] Id. at 9.

Separately, Carl's Jr. argues that plaintiff's other claims also establish that the amount in controversy is met, providing calculations for plaintiff's first, second, third, fourth, fifth, and seventh claims, as well as attorneys' fees. Id. at 10-15.

---

[4] Carl's Jr. uses an estimate of the number of separated putative class members in its opposition brief (3,017) that is different from the number used in its notice of removal (2,755). Carl's Jr. states that the notice of removal "conservatively restricted" the number to employees who worked at least one 3.5-hours or longer shift within three months of their separation date. Opp. at 6, n.11. Carl's Jr. uses a different estimate now because plaintiff alleges that Carl's Jr.'s "systematic, company-wide policy and practice" caused putative class members to work off-the-clock "before/after clocking in/out of their shifts." Id. Therefore, Carl's Jr. argues that it is reasonable to assume that plaintiff is asserting that every separated putative class member during the three-year limitations period suffered at least one unpaid wages violation during their employment sufficient to trigger a waiting time penalty, irrespective of shift length or interval between their last day worked and their separation. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

In reply, plaintiff argues that she may factually attack Carl's Jr.'s allegations without submitting evidence, and is not required to submit evidence until Carl's Jr. has met its burden. Reply at 3. Next, plaintiff contends that the Court should not consider the "new facts" offered in Carl's Jr.'s opposition brief. Id. at 6. Even if the Court considers the declaration submitted with the opposition brief, plaintiff asserts that Carl's Jr.'s assumptions are unreasonable, as they do not provide specific violation rates. Id. at 7. As to the waiting time penalties, plaintiff disputes Carl's Jr.'s argument that all terminated employees were underpaid on at least one occasion. Id. at 10-11. Plaintiff asserts that the FAC merely alleges that an unspecified number of putative class members were not paid all of their wages, but does not establish that every employee was "personally affected." Id. at 11-12.

Plaintiff then argues, with the same justification, that Carl's Jr.'s assumed 100% violation rate for plaintiff's other claims is also unreasonable. Id. at 12-16. As for attorneys' fees, plaintiff contends that Carl's Jr. used an estimate of 25% of the damages total, but should have only included fees when allowed by statute. Id. at 18. Here, plaintiff states that only wage statement violations allow for the recovery of attorneys' fees. Id. Additionally, plaintiff states that the Court should disregard Carl's Jr.'s request for judicial notice because the documents are "from a completely unrelated case," and cannot be used to substantiate Carl's Jr.'s amount in controversy calculations. Id. at 18-19. Further, plaintiff argues that only attorneys' fees that have accrued at the time of removal should be considered, not anticipated attorneys' fees. Id. at 19-20.

In an objection filed to plaintiff's reply, Carl's Jr. contends that the Court should ignore plaintiff's arguments about its attorneys' fees calculations, because they were improperly raised for the first time on reply. Def. Obj. at 3.

The Court determines that remand is not appropriate in these circumstances. Because there is no dispute as to the size of the putative class or the presence of minimal diversity, the Court examines only the amount in controversy to determine if CAFA's requirements are met. The Court finds that Carl's Jr. has met its burden to demonstrate that the amount in controversy exceeds $5 million for plaintiff's sixth claim, regarding defendants' alleged failure to timely pay final wages at termination in violation of Cal. Lab. Code §§ 201-203.

Though plaintiff is correct that Carl's Jr. did not provide summary judgment-type evidence to support their assumed 100% violation rate and maximum 30-day waiting

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

Case 2:25-cv-00826-CAS-PVC   Document 23   Filed 06/02/25   Page 13 of 14   Page ID #:553

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

time penalty for every class member, the Ninth Circuit has made clear that defendants were not required to do so. In Jauregui, the Ninth Circuit specifically deemed reasonable the assumption that all class members suffered the maximum 30-day waiting time penalty. Jauregui v. Roadrunner Transportation Servs., Inc., 28 F.4th 989, 994 (9th Cir. 2022). The Ninth Circuit concluded that the district court had been wrong to "reject[] [defendant]'s assumption that each terminated employee would have been entitled to the maximum 30-day waiting time penalty because [defendant] 'provide[d] no evidence' supporting that fact.'" Id. at 993-94. Rather, the Court concluded, it was reasonable for defendant "to assume that the vast majority (if not all) of the alleged violations over the *four years* at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty." Id. at 994 (emphasis in original).

Here, Carl's Jr. properly made this assumption and provided appropriate evidence through Sharkey's declaration to support the calculations. Class members who suffered a violation are entitled to continuing wages at the same rate as a penalty until they are paid what they are owed, for up to 30 days. Cal. Lab. Code § 203. In order to calculate the amount owed, Carl's Jr. established the number of hourly, non-exempt employees in California during the period (3,017); the average daily hours (5.37); and the average base regular rate of pay ($17.00). Opp. at 9; dkt. 15-2 ¶ 5. Based on the assumptions the Ninth Circuit held a defendant may make when establishing the amount in controversy for a final wage waiting time claim, these were the only additional data points necessary to establish that the amount in controversy exceeds $5 million. Accordingly, the Court finds that Carl's Jr. has satisfied its burden to prove that the amount in controversy is satisfied and that the Court can properly exercise jurisdiction over this matter pursuant to CAFA.[5] The Court declines to reach the issue of attorneys' fees or the amount in controversy from plaintiff's other claims, as Carl's Jr. sufficiently demonstrates that the amount in controversy from the sixth claim alone is more than $8 million.[6]

---

[5] Carl's Jr. also argues that, independent of CAFA, the Court can exercise traditional diversity jurisdiction over this matter, relying on documents in its request for judicial notice regarding plaintiff's counsel's attorneys' fees. Opp. at 16; RJN. In light of the Court's ruling on CAFA, it does not reach these issues.

[6] Even using the more "conservative" estimate of the number of hourly, non-exempt employees in California asserted in Carl's Jr.'s notice of removal, which only included

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Diana A. Bernardo v. Carl's Jr. Restaurants LLC | | |

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion.

IT IS SO ORDERED.

Initials of Preparer    00 : 12    CMJ

---

the 2,755 employees who worked at least one shift of 3.5 hours or longer within three months of their separation date, the Court finds that the jurisdictional threshold is still met by the sixth claim alone. See dkt. 1 ¶ 33 (calculating the amount in controversy as more than $7 million).