UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Gaye Limon | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Jessica Abreu                                  Sylvia Kim

**Proceedings:**     MOTION TO DISMISS (Dkt. 11, filed on February 24, 2025)

## I.    INTRODUCTION

On August 15, 2024, plaintiff Diana A. Bernardo ("plaintiff") filed this putative class action against defendants Carl's Jr. Restaurants, LLC ("defendant" or "Carl's Jr.") and Does 1-10 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). On October 22, 2024, plaintiff filed the operative first amended complaint in Los Angeles County Superior Court against the same defendants. Dkt. 1, Ex. B ("FAC"). Plaintiff asserts nine claims for relief: (1) failure to pay minimum wages pursuant to Cal. Lab. Code §§ 204, 1194, 1194.2, 1197; (2) failure to pay overtime compensation pursuant to Cal. Lab. Code §§ 1194, 1198; (3) failure to provide meal periods pursuant to Cal. Lab. Code §§ 226.7, 512; (4) failure to authorize and permit rest breaks pursuant to Cal. Lab. Code § 226.7; (5) failure to indemnify necessary business expenses pursuant to Cal. Lab. Code § 2802; (6) failure to timely pay final wages at termination pursuant to Cal. Lab. Code §§ 201-203; (7) failure to provide accurate itemized wage statements pursuant to Cal. Lab. Code § 226; (8) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"); and (9) civil penalties under the California Private Attorney General Act, Cal. Lab. Code § 2699, *et seq.* ("PAGA").[1] Id.

On January 30, 2025, Carl's Jr. removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Dkt. 1. On May 2, 2025,

---

[1] The complaint asserted the same claims as the FAC, with the exception of the ninth claim under PAGA, which was added in the FAC. Compare Compl., with FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

plaintiff filed a motion to remand the case to Los Angeles County Superior Court. Dkt. 14. On June 2, 2025, the Court denied plaintiff's motion to remand. Dkt. 23.

On February 24, 2025, defendant filed the instant motion to dismiss. Dkt. 11 ("Mot"). On June 2, 2025, plaintiff filed her opposition. Dkt. 22 ("Opp."). On June 9, 2025, defendant filed its reply. Dkt. 24 ("Reply").

On June 23, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff is a California resident who has worked for defendants in Los Angeles County, California as an hourly, non-exempt cashier since August 2022. FAC ¶ 8. Defendant Carl's Jr. is a Delaware corporation that maintains offices, has agents, employs individuals, and/or transacts business in Los Angeles, California. Id. ¶ 10.

Plaintiff brings her first eight claims as a class action on behalf of herself and certain current and former employees of defendants. Id. ¶ 2. The purported class, estimated to be greater than 100 individuals, consists of "[a]ll persons who worked for any [d]efendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the [c]lass is sent." Id. ¶¶ 24, 27. Plaintiff brings her ninth claim as a representative action under PAGA. Id. ¶ 2.

Plaintiff states that she was typically scheduled to work five days in a workweek, in excess of eight hours per day. Id. ¶ 14. Plaintiff alleges that "[t]hroughout the statutory period, [d]efendants failed to pay [p]laintiff for all hours worked (including minimum wages and overtime wages), failed to provide [p]laintiff with uninterrupted meal periods, failed to authorize and permit [p]laintiff to take uninterrupted rest periods, failed to indemnify [p]laintiff for necessary business expenses, failed to timely pay all final wages to [p]laintiff when [d]efendants terminated [p]laintiff's employment, and failed to furnish accurate wage statements to [p]laintiff." Id. ¶ 15. According to plaintiff, her experience was typical. Id.

Plaintiff alleges that defendants "maintained a policy and practice of not paying" plaintiff and the putative class members for all hours worked, including overtime wages. Id. ¶ 16. Plaintiff states that when she and the putative class members earned non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

discretionary bonuses and other remuneration, defendants failed to properly incorporate it in their overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay.  Id.  Further, plaintiff alleges that defendants "regularly" used a system of time rounding that failed to compensate plaintiff and the putative class members for "all the time they [] actually worked," even though defendants' operations allow for work time to be counted to the minute.  Id.  Plaintiff next asserts that she and the putative class members were required to work "off-the-clock" uncompensated.  Id.  For example, plaintiff states that they were required to respond to work questions and assist customers before and after their shifts.  Id.  Plaintiff also alleges that defendants failed to maintain accurate records of the hours worked by their employees.  Id.

Additionally, plaintiff alleges that defendants maintained a policy and practice of failing to provide plaintiff and the putative class members with legally compliant meal and rest periods.  Id. ¶¶ 17-18.  Plaintiff states that defendants "often" required them to work in excess of five consecutive hours without providing a 30-minute, continuous and uninterrupted, duty-free meal period, or without compensating them accordingly.  Id. ¶ 17.  Similarly, plaintiff states that defendants often required them to work in excess of four consecutive hours per day, without permission to take a ten-minute, continuous and uninterrupted rest period, or without compensating them accordingly.  Id. ¶ 18.  Plaintiff states that defendants did not adequately inform her and the putative class members of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than ten hours, by the end of the tenth hour of work.  Id. ¶ 17.  Plaintiff also states that defendants did not adequately inform them of their right to take a rest period or maintain accurate records of employee work and rest periods.  Id. ¶ 18.  For example, plaintiff alleges that they were required to prioritize defendants' assignment of "heavy workloads," including assisting customers, before and during meal and rest periods, resulting in late, shortened, interrupted, or missed meal and rest periods.  Id. ¶¶ 17-18.

Further, plaintiff alleges that defendants required their employees to pay expenses that they incurred in direct discharge of their duties, without reimbursement.  Id. ¶ 19.  According to plaintiff, this included the purchase of work uniforms such as pants and non-slip shoes.  Id.  Plaintiff also alleges that defendants "willfully failed and refused" to timely pay plaintiff and the putative class members at the conclusion of their employment, including minimum wages, overtime wages, meal period premium wages, and rest period premium wages.  Id. ¶ 20.  Lastly, plaintiff states that defendants failed to furnish accurate, itemized wage statements showing all applicable rates and wages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

earned.  Id. ¶ 21.  Plaintiff asserts that this failure resulted in injury because the putative class members were led to believe that they were not entitled to their appropriate wages and that they had been paid the appropriate wages at the correct California rate.  Id. According to plaintiff, this hindered the putative class members from determining the wages that were owed to them, forced them to perform calculations to determine what was owed to them, and caused them to lose accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits owed to them.  Id.

## III.    LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|----------|------------------------|--|------|---------------|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Failure to Pay Minimum Wages and Failure to Pay Overtime Compensation Claims

Defendant argues that plaintiff's unpaid minimum wage and overtime claims should be dismissed because she has failed to state a claim under Rule 8. Mot. at 3-4. First, defendant contends, plaintiff fails to allege facts to show that there was at least one week during which she was eligible for but denied minimum or overtime wages, as required by the Ninth Circuit in Landers v. Quality Communications, Inc., 771 F.3d 638, 645 (9th Cir. 2014). Second, defendant argues that plaintiff's allegations regarding unspecified time-rounding practices also lack the required specificity to state claims for unpaid wages, because under California law, such policies are presumed neutral, and plaintiff does not allege any facts from which "the Court could infer that the alleged rounding policy was not neutral or that it had a detrimental impact on employees." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

Defendant further argues that plaintiff's allegation fails as to her claim that defendant did not incorporate all remuneration owed in calculating the correct overtime rate of pay because in addition to failing to specify a workweek where such underpayment occurred, she also fails to allege the following:

> (1) that she or any PCMs/PAEs actually earned any non-discretionary bonuses or other remuneration that should have been but were not included in the regular rate of pay; (2) the period of time over which the non-discretionary wages allegedly excluded from the regular rate of pay were earned; or (3) that she or any PCMs/PAEs worked any overtime hours in the workweeks during which their bonus or other remuneration would have been earned.

Id. at 6. Fourth, defendant argues that plaintiff's assertions that she and other putative class members worked off-the-clock due to heavy workloads are insufficient to state a claim "absent facts showing that they did not clock in before performing work at the direction of [d]efendant or that [d]efendant otherwise had reason to know that they were not clocked in while performing work (or otherwise did not record that as time worked)." Id. (emphasis omitted). Here, defendant argues, there are no facts alleged by plaintiff that explain why the work was allegedly performed off-the-clock, which is fatal to plaintiff's claim because it is possible that plaintiff worked off-the-clock without defendant's knowledge, which would not be compensable. Id. According to defendant, plaintiff's "failure to allege any facts plausibly suggesting the existence or enforcement of any policies requiring off-the-clock work renders her claims merely conceivable at best, but not plausible." Id. at 7.

In opposition, plaintiff contends that her unpaid minimum wage and overtime claims are properly pled and should not be dismissed. Opp. at 6. According to plaintiff, defendant's theory relies on a misreading of Landers. Id. Plaintiff contends that though defendant relies on four bases for dismissal of these two causes of action, its arguments "rely primarily" on Landers for the proposition that a plaintiff must allege a specific workweek during which she was entitled to but denied minimum or overtime wages. Id. at 7. Plaintiff contends that Landers was amended by the Ninth Circuit to refer to a "given workweek" or a "given week," rather than a "specific workweek" or "specific week," in order to prevent the creation of "a mechanical procedural requirement that a [p]laintiff allege an arbitrary workweek in which a singular violation occurred." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                      **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

Instead, plaintiff argues, the Ninth Circuit in <u>Landers</u> intended to "underscore a requirement that a [p]laintiff allege sufficient facts which would lead to an inference that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. <u>Id.</u> Plaintiff argues that the issue in <u>Landers</u> was that the pleadings alleged that defendant enacted policies resulting in overtime not being paid, but alleged this in a conclusory fashion. <u>Id.</u> at 8. Plaintiff contends that her allegations are different because she "specifically alleges that she 'typically' worked in excess of eight hours per day throughout the statutory period," while in <u>Landers</u> the Ninth Circuit found the allegations insufficient because plaintiff had only alleged that he was not paid for overtime worked. <u>Id.</u> Plaintiff cites to paragraph 16 of her FAC, contending that there, for example, she provided sufficient detail for her claim to survive under <u>Landers</u>. <u>Id.</u> at 9.

Plaintiff further argues that the rounding allegations she has made are sufficient and properly state a claim for relief. <u>Id.</u> at 10. Plaintiff argues that while defendant is free to argue that its rounding policy was lawful, she is not required to plead around defenses that defendant could assert. <u>Id.</u> at 11. Plaintiff takes issue with defendant's authority and contends that her pleading is "wholly compliant for the purposes of a motion to dismiss, as it adequately alleges that [p]laintiff and the employees [were] underpaid by [d]efendant's rounding policy." <u>Id.</u> at 12.

Plaintiff next argues that her "regular rate of pay" allegations are sufficient and properly state a claim for relief. <u>Id.</u> Plaintiff argues that though defendant presents this as an independent ground for dismissal, most of its argument is a restating of its "specific workweek" argument plaintiff addressed earlier in its opposition. <u>Id.</u> at 13. According to plaintiff, defendant "is effectively contending that [p]laintiff must provide detailed facts about the allegations in a manner which <u>Landers</u> indicates is not required." <u>Id.</u> Plaintiff argues that she has sufficiently alleged that there were times when employees earned bonuses and that they were not included in calculating the employees' regular rate of pay, as required under California law. <u>Id.</u>

Plaintiff also argues that her off-the-clock work claims are sufficiently pled because defendant does not provide any support for the proposition that she must provide detail that defendant directed plaintiff and others to work off-the-clock or otherwise had reason to know they did. <u>Id.</u> at 13-14. Plaintiff contends that this is another example of defendant claiming that she must plead around the defenses that defendant could assert.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

Id. at 14. Plaintiff argues that her pleading that employees were required to do off-the-clock work makes clear that defendant required employees to work in this manner. Id.

In reply, defendant argues that it has not contended that Landers requires pleading specific dates on which a violation occurred. Reply at 2. Rather, defendant argues that plaintiff has failed to "allege sufficient facts to plausibly suggest that she performed off-the-clock work in at least one given workweek and was denied minimum or overtime wages for that work." Id. Defendant argues that the kind of general allegations pled by plaintiff are insufficient. Id. at 2-3. Defendant argues that even assuming off-the-clock work was performed, "it is equally inferable from the FAC's general allegations that they did so without [d]efendant's knowledge and direction – in which case such time would not be compensable." Id. Defendant contends that plaintiff's argument asking "the question, '[w]ho does [d]efendant think the [FAC] is alleging requires the employees to perform these tasks?'" is insufficient and demonstrates that she failed to allege who, how, and when anyone employed by defendant required such tasks. Id. at 4.

Defendant reiterates that plaintiff's rounding allegations are insufficient and argues that plaintiff directs her argument to meal and rest break claims, while defendant's arguments pertain to unpaid wages claims. Id. Additionally, defendant argues the FAC pleads only the legal conclusion that defendant used an impermissible rounding system, which is insufficient to survive a motion to dismiss. Id. at 4-5. Defendant also argues that none of the cases to which plaintiff cites supports the notion that rounding is always unlawful when a claim for unpaid wages is involved. Id. at 5.

Defendant argues that plaintiff misunderstands its argument about her regular rate overtime violation claim and that rather than being about stating a specific workweek where a violation occurred, defendant is arguing that "in order to state a plausible claim for overtime wages, [p]laintiff must allege facts that plausibly suggest that her purported non-discretionary bonuses were earned over a period of time in which she actually worked overtime hours." Id. at 6. Because plaintiff did not allege facts to suggest she worked overtime hours in the workweeks during which her bonus payments would have been earned, defendant argues, the Court cannot reasonably infer that she is entitled to additional payment of overtime wages based on the alleged failure to incorporate her bonus payments into her regular rate of pay. Id. at 6-7. Defendant contends that plaintiff's opposition reiterates conclusory allegations in her FAC, and therefore must be dismissed. Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

The Court concludes that under Landers, in the minimum wage context, the Ninth Circuit has established that a plaintiff must plead at least one instance of a violation to sufficiently state a claim.  In Boon, the Ninth Circuit determined that Landers, a case based on the Fair Labor Standards Act, "articulated this Court's requirements for stating a wage claim under Twombly and Iqbal," and thus that its holding is applicable outside of the Fair Labor Standards Act context.  Boon, 592 F. App'x at 632.  In Landers, the court found that plaintiff failed to state a claim for unpaid minimum wages because in his complaint, he "did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages."  Landers, 771 F.3d at 645.  Here, plaintiff has failed to allege a single week during which she was entitled to, but denied minimum wages.  Based on Landers, therefore, the Court dismisses the failure to pay minimum wages claim, count one, with leave to amend.

Plaintiff also fails to plead a specific instance wherein she worked overtime for which she was not paid, but the Court finds that her pleading nonetheless is sufficient under Landers.  The Landers court concluded that "'detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim,'" but, "Landers also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."  Boon, 592 F. App'x. at 632.  The court in Boon found sufficient the fact that plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week."  Id.  Here, plaintiff has alleged that she and others "were required to respond to work-related questions and assist customers during meal periods and before/after clocking in/out of their shifts."  FAC ¶ 16.  Plaintiff also alleges that throughout the statutory period, she and others "worked more than 8 hours in a workday and more than 40 hours in a workweek."  Id.  The Court finds that these allegations suffice to meet the Landers standard as interpreted by Boon.  Accordingly, the Court concludes that plaintiff's overtime wages claim, count two, should not be dismissed on this basis.

Having addressed Landers, the overarching ground for dismissal put forth by defendant, the Court addresses each of defendant's additional arguments in turn, to provide clarity to plaintiff should she seek to amend.

As to defendant's second basis for dismissal, that plaintiff's allegations regarding unspecified time-rounding practices lack the required specificity to state claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

unpaid wages, because under California law, such policies are presumed neutral, the Court concludes that plaintiff has sufficiently alleged her claim. Plaintiff alleges that defendant used a rounding system that resulted in failing to compensate plaintiff and other employees for all time worked. FAC ¶ 16. Defendant argues that pursuant to See's Candy Shops, Inc. v. Superior Court, "the rule in California is that an employer is entitled to use the nearest-tenth rounding policy if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.'" See's Candy Shops, Inc. v. Superior Ct., 210 Cal. App. 4th 889, 907 (2012) (quoting 29 C.F.R. § 785.48). Though defendant is correct that plaintiff does not plead any factual detail about what she alleges defendant's rounding policy is, the Court finds that she has sufficiently stated a claim based on this standard because she has pled that the rounding system used did fail to compensate her and others for all time worked. Accordingly, if plaintiff were able to allege a specific instance when she was not paid minimum wages by defendant, her pleading as to a rounding policy to support that claim would be sufficient.

Third, defendant argues that plaintiff's claim that defendant underpaid her and other putative class members because it did not incorporate all remuneration owed in calculating the correct overtime rate fails. The Court agrees with defendant that this allegation fails as plaintiff pleads only that "[i]n those instances where [plaintiff and others] earned non-discretionary bonuses and other remuneration, [d]efendants failed to incorporate all remuneration when calculating the correct overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay." FAC ¶ 16. Plaintiff argues that this is sufficiently clear to demonstrate that there were times in which employees earned bonuses and that these bonuses were not incorporated in calculating their rate of pay, as required by law. Opp. at 13. The Court concludes that this is insufficient and that courts typically require allegations such as whether plaintiff herself had earned any such bonuses, the dates or pay periods on which these were earned, and whether plaintiff worked any overtime in those same periods. See, e.g., Razo v. Cemex Constr. Materials Pac., LLC, No. 20-cv-11175-MWF-KSx, 2021 WL 3466326, at *5 (C.D. Cal. Mar. 30, 2021). Therefore, though plaintiff's overtime claim does not fail under Landers, to the extent that her claim relies on defendant's alleged failure to incorporate all remuneration owed in calculating the overtime rate, she has not sufficiently alleged facts to perfect her claim for failure to pay overtime wages. If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

plaintiff seeks to recover on this ground, she must allege the dates or pay periods on which these amounts were earned and that she worked overtime in these same periods.

Fourth, defendant argues that plaintiff fails to state a viable claim that she and others worked off-the-clock because she asserts they did so due to heavy workloads and does not allege facts showing that they did not clock in before performing work at the direction of defendant or the that defendant knew they were not clocked in at the relevant time. Mot. at 6. The Court agrees with defendant that her allegation that she and others "were required to work 'off-the-clock' uncompensated," including being "required to respond to work related questions and assist customers during meal period and before/after clocking in/out of their shifts" is insufficient to state her claim. FAC ¶ 16. Under California law, "'[a]n employer must compensate nonexempt employees for "off-the-clock" work if the employer knows or should have known the employees were working after hours.'" Tawatari-Tsuneta v. CVS Rx Servs., Inc., No. 8:22-cv-02251-AH-JDEx, 2025 WL 1090392, at *8 (C.D. Cal. Mar. 6, 2025) (internal citations omitted). Here, the Court does not disagree that plaintiff's allegation that she was "required" to work off-the-clock uncompensated is sufficient to demonstrate that defendant knew or should have known of her off-the-clock work. However, courts also require plaintiff to allege the amount of off-the-clock work required. See Barajas v. Blue Diamond Growers Inc., No. 1:20-cv-0679-JLT-SKO, 2022 WL 1103841, at *12 (E.D. Cal. 2022) (explaining that pleading the amount of off-the-clock work required is necessary to comply with the Landers standard that plaintiff must plead more than conclusory statements that they were paid less than minimum wage). Here, plaintiff has failed to plead the amount of off-the-clock work required, and her claim fails on this basis.

Plaintiff's minimum wages claim is dismissed under Landers, while her overtime claim is not. However, should plaintiff seek to base either her minimum wage claim or her overtime claim on her off-the-clock work allegations, she must amend the allegations to plead the amount of off-the-clock work she did and a specific workweek in which she did not receive minimum wages or overtime for this work. As currently pled, her off-the-clock work allegations do not support either claim.

**B.      Meal and Rest Break Claims**

Defendant argues that plaintiff fails to plead meal and rest break claims because to do so she must "identify some affirmative conduct by [d]efendant that precluded the ability to take a compliant break." Mot. at 7. Defendant contends that employers have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

no obligation under California law to ensure a relieved employee is not doing any work. Id. at 8. Further, defendant contends that plaintiff's allegations are conclusory.  Id.

More specifically, defendant first argues that plaintiff fails to allege any facts demonstrating that there was a specific week where she was entitled to, but denied a rest break, as required by Landers.  Id.  Second, defendant contends that there are no factual allegations in the FAC that explain how, when, or if plaintiff was denied complaint breaks, rather, defendant argues that plaintiff makes vague assertions that non-compliant breaks were required because plaintiff and other putative class members had to work.  Id. at 9.  Defendant argues that the information about why a compliant break was not taken is central to the viability of the claim because under California law, defendant is not liable for plaintiff's own decision not to take a break.  Id.  Because plaintiff does not offer facts to support the inference that defendant impeded or discouraged rest periods, defendant argues, her allegations are conclusory.  Id. at 10.  Third, defendant argues that plaintiff's allegation that defendant failed to adequately inform her and other putative class members of their entitlement to meal and rest breaks fails to state a claim because employers have no duty to advise employees of this right.  Id.  Fourth, defendant contends that plaintiff's allegation that defendant failed to include all remuneration when calculating meal and rest break premium rates of pay fails because the FAC does not allege that plaintiff or other missed a meal or rest break or received premium pay in the first instance.  Id. at 11.  Additionally, defendant argues that plaintiff does not allege sufficient facts from which the Court could infer that break premiums she received were not paid at the correct rate of pay.  Id.

In opposition, plaintiff argues that defendant is incorrect that she must plead some affirmative conduct by defendant that prevented plaintiff and others from taking their meal and rest breaks.  Opp. at 15.  Plaintiff argues that defendant cites no relevant authority for this proposition, nor does it connect its argument to the pleadings.  Id. Plaintiff sets forth the meal and rest break allegations made in her FAC and claims that defendant's characterization of her pleadings is misleading and that she does plead affirmative conduct as to how they were denied meal and rest breaks.  Id. at 15-16. According to plaintiff, defendant's "apparent belief that [p]laintiff needs to state exactly how often this occurred belies Landers' holding that a [p]laintiff in a wage and hour case cannot be expected to create allegations with 'mathematical precision.'"  Id. at 16-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|----------|------------------------|------|---------------|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

Plaintiff further argues that defendant is incorrect to say that her claims are insufficient and vague and that it is not clear what defendant argues plaintiff must plead to adequately allege that she or others were required to do something. Id. at 17. Plaintiff argues that defendant is wrong to cite Brinker v. Super. Ct., 53 Cal. 4th. 1004, 1040 (2012) and claim that plaintiff did not provide facts to support the inference that defendant impeded, discouraged, or dissuaded rest breaks, when the FAC contends that defendant "required employees to prioritize heavy workloads over taking breaks, resulting [in] them not receiving breaks." Id.

Plaintiff argues that defendant is also incorrect to say that plaintiff's allegations that defendant did not adequately inform employees of their right to breaks does not state a claim to relief because this factual contention is neither a claim for relief nor the sole basis of plaintiff's meal and rest break claims. Id. Rather, plaintiff contends, it is a factual allegation supporting her claim for relief. Id. at 17-18. Plaintiff argues that similarly, defendant's claim about plaintiff's break premium regular rate of pay fails because those allegations are "independently proper" and even if defendant were correct that it could "line-item strike any factual allegation it determined did not independently authorize an entire cause of action, this argument would fail." Id. at 18.

In reply, defendant restates the deficiencies it argued are present in plaintiff's pleading in its initial motion. Reply at 7-9.

Courts in this Circuit require plaintiffs to identify at least one specific instance in which defendant failed to provide a meal or rest break for such a claim to survive a motion to dismiss. See e.g., Johnson v. Winco Foods, LLC, No. 17-cv-2288-DOC-SHKX, 2018 WL 6017012, at *10-11 (C.D. Cal. Apr. 2, 2018) (dismissing meal and rest break related claims because plaintiff did not identify an instance in which he was denied a break or was not paid premiums for such denial of a break); Ramirez v. HV Glob. Mgmt. Corp., No. 21-cv-09955-BLF, 2022 WL 2132916, at *4 (N.D. Cal. June 14, 2022); Haralson v. United Airlines, Inc., 224 F. Supp. 3d 928, 941 (N.D. Cal. 2016). In Boyack v. Regis Corporation, basing its determination on the Landers standard, the Ninth Circuit found that plaintiffs failed to sufficiently plead their claim for a rest break violation because their complaint did not "provide facts demonstrating at least one workweek in which [plaintiffs] were personally deprived of rest breaks." Boyack v. Regis Corporation, 812 F. App'x. 428, 431 (9th Cir. 2020) (citing Landers, 771 F.3d at 646). Similarly, here, plaintiff fails to allege facts regarding an instance where she was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

denied a meal or rest break or was not appropriately compensated for the failure to provide such a break. Accordingly, the Court finds that plaintiff's meal and rest break claims, her third and fourth claims for relief, are appropriately dismissed on this basis. The Court proceeds to analyze defendant's additional bases for dismissal to provide guidance to plaintiff should she seek to amend.

As to defendant's argument, that plaintiff fails to plead how, when, and if plaintiff was denied compliant breaks, and instead makes vague assertions that non-compliant breaks were required due to plaintiff and others having to work, the Court concludes that this is linked to plaintiff's failure to comply with the Landers standard. Plaintiff does allege that she was required to "respond to work-related questions and assist customers during meal periods," but she does not allege any instance when this occurred. FAC ¶ 16. As explained above, to state a viable claim, plaintiff must amend to allege at least one workweek during which this occurred.

Second, the Court finds that insofar as defendant argues that plaintiff does not plead that defendant discouraged or impeded meal and rest breaks, nor does she plead that she or others were required to skip breaks or face discipline, defendant's argument fails. Mot. at 10. Defendant argues that under Brinker, it is not liable for plaintiff's own decision to take a break. Id. at 9. The Court concludes that plaintiff's claim does not fail on this basis. Plaintiff has pled that she and others "were often required to work through their rest periods" and that she and others "were often required to work during their meal periods," including, for example, being "required to prioritize Defendant['s] assignment of heavy workloads including assisting customers, before starting meal periods and during meal periods." FAC ¶¶ 17-18. The Court finds that plaintiff has sufficiently alleged that it was not her decision to work through meal breaks, and that defendant required her to do so. The Court concludes that this satisfies the requirement of pleading that she and others were actively discouraged from taking breaks, by defendant, as opposed to pleading merely that defendant failed to ensure they took breaks. Christie v. Tuesday Morning, Inc., 2015 WL 12781053, at *4 (C.D. Cal. May 27, 2015). Accordingly, had plaintiff alleged instances in which she was denied meal and rest breaks, her allegations would be sufficient.

Third, the Court agrees that defendant does not have an obligation to inform plaintiff of their entitlement to meal and rest breaks. Mot. at 10. Though plaintiff does state that defendant failed to inform her and others of such breaks in the FAC, she argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

in her opposition that this is merely a factual contention that supports her claim for relief and is not the basis of her claim. Opp. at 17-18. The Court agrees that plaintiff does not base her claim on this and the factual assertion that she was not informed of meal and rest breaks, while not a basis for a claim on its own, see Christie, 2015 WL 12781053, at *4, does not give rise to a basis for dismissal.

Fourth, defendant makes a similar remuneration argument to the one it makes about minimum and overtime wages. Mot. at 10-11. Again, the Court finds that, for the same reasons, plaintiff has not pled sufficient facts to state a claim on this basis. Therefore, should plaintiff amend to state sufficient meal and rest break claims under Landers, she would need to amend her remuneration allegations pursuant to the above guidance in order to successfully state a claim on this basis.

### C.    Expense Reimbursement Claim

Defendant argues that plaintiff alleges that defendant wrongfully required her and other putative class members to incur expenses in direct discharge of their duties without reimbursement, including purchasing work uniforms, but that her claim fails because she does not explain how the performance of her duties required incurring business-related expenses nor why such expenses were reasonably necessary. Mot. at. 11, 13. These allegations are therefore conclusory, defendant argues, and fail under Rule 8. Id. at 13.

In opposition, plaintiff argues that though defendant claims that her pleading of this claim is insufficient under Rule 8, it fails to describe how it is insufficient or cite to any law that supports its insufficiency. Opp. at 18. Plaintiff argues that she has sufficiently pled why the expenses she incurred were necessary, as she stated that defendant required her to purchase the items. Id. Plaintiff argues that insofar as defendant argues that plaintiff must specifically plead that defendant knew of the expense, "this is logically assumed within the fact that [p]laintiff pled that [d]efendant imposed this as a requirement." Id. at 19.

In reply, defendant restates the insufficiency of plaintiff's claim and argues that "courts have found that generic non-slip shoes and clothes are not reimbursable because they are not considered necessary business expenses." Reply at 10. Defendant argues that "[w]ithout more specificity as to the type of uniforms and shoes [p]laintiff allegedly purchased and in what way [d]efendant allegedly 'required' her to do so without reimbursement," plaintiff's claim is insufficient. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

In order to state a claim pursuant to California Labor Code § 2802, a plaintiff must allege three elements: "'(i) the employee made expenditures or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (iii) the expenditures or losses were reasonable and necessary.'" Sagastume v. Psychemedics Corp., No. CV 20-6624 (GJSX), 2021 WL 3932299, at *4 (C.D. Cal. Feb. 16, 2021) (citing Marr v. Bank of Am., No. CV 09-05978 WHA, 2011 WL 845914, at *1 (N.D. Cal. Mar. 8, 2011) (citing Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 568 (2007)), aff'd 506 F. App'x 661 (9th Cir. 2013)). Though plaintiff is not required to provide a detailed list of every business expense she has incurred, Saunders v. Ameriprise Fin. Servs., Inc., No. CV18-cv-10668-MWF (AFMX), 2019 WL 4344296, at *4 (C.D. Cal. Mar. 19, 2019), "to adequately plead the second required element, a plaintiff must plead either that her employer required her to incur the expense or that the expense was incurred as a direct consequence of the discharge of her duties," Sagastume, 2021 WL 3932299, at *4. Generally, however, employers are not required to reimburse employees for basic work clothing that is "usual and generally usable in the occupation." Carlos v. Wal-Mart Assoc., Inc., 2022 WL 2784768, *5 (C.D. Cal. May 3, 2022); see also Townley v. BJs Restaurants, Inc., 37 Cal. App. 5th 179, 185, 249 Cal. Rptr. 3d 274 (2019) (employer requiring "slip resistant shoes" did not have to reimburse employees because slip resistant shoes are "basic wardrobe items which are usual and generally usable in the occupation").

The Court concludes that plaintiff has not sufficiently pled that the expenses at issue, including for shoes and pants, are not the kind of basic wardrobe items for which defendant is not required to reimburse her and other putative class members. Accordingly, plaintiff's fifth claim for relief is dismissed with leave to amend.

### D.    Failure to Timely Pay Final Wages

Defendant argues that to state a claim for failure to timely pay final wages, plaintiff must plead facts demonstrating that defendant willfully failed to timely and fully pay her and other putative class members final wages. Mot. at 13. Defendant contends that plaintiff is required to allege when her employment ended and exactly what wages were earned and unpaid, but that here, plaintiff does not allege the basis for her separation, the date she received her paycheck, her final rate of pay, or any calculation of waiting time penalties owed. Id. at 14. Nor, defendant argues, does plaintiff plead any facts showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|----------|------------------------|------|---------------|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

willfulness.  Id.  Accordingly, defendant argues, plaintiff has not stated a plausible claim for relief.

In opposition, plaintiff concedes that she fails to adequately allege the reason for her separation and when it occurred.  Opp. at 19.  Accordingly, she requests leave to amend.  Id.  Plaintiff does argue, however, that she is not required to plead facts such as when she received her final paycheck, the amount of the paycheck, and any calculation of waiting time penalties, as this would require the kind of mathematical precision Landers rejected.  Id.

In reply, defendant argues that though plaintiff contends that she does not need to plead factual details, she does not address the merits of any of the authority defendant provides to the contrary.  Reply at 11.  Further, defendant argues that plaintiff does not address, and as a result concedes, its argument that the FAC does not plead sufficient facts to support willfulness.  Id.  Accordingly, defendant argues, the claim must be dismissed.  Id.

The Court grants plaintiff's request for leave to amend.  The Court disagrees with plaintiff, however, that she is not required to plead facts beyond the reason for and date of her termination.  To state a claim for relief, plaintiff must provide factual detail "such as the date of her termination, the wages earned, and the wages expected."  Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc., No. 2:23-cv-02802-MCS-JC, 2023 WL 5246264, at *7 (C.D. Cal. Aug. 14, 2023); see also Guerrero v. Halliburton Energy Servs., Inc., No. 1:16-cv-1300-LJO-JLT, 2016 WL 6494296, at *8 (E.D. Cal. Nov. 2, 2016).  Plaintiff's sixth claim for relief is therefore dismissed, with leave to amend according to this guidance.  The Court now turns to defendant's other basis for dismissal of this claim, to provide further clarity should plaintiff seek to amend.

As to willfulness, which defendant argues plaintiff fails to adequately plead, § 203(a) states that "[i]f an employer willfully fails to pay, without abatement or reduction … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203.  However, Courts have found that pleading that an employer had deliberately implemented a policy of not paying wages owed is sufficient to state the willfulness element of a § 203 claim.  Castillo v. Bank of Am. Nat'l Ass'n, No. 17-cv-0580-DOC-KESx, 2018 WL 1409314, at *4 (C.D. Cal. Feb. 1, 2018) (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

Varsam v. Lab. Corp. of Am., 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (finding that plaintiff had plausibly alleged willful failure to timely pay wages upon termination by alleging facts of a regular practice by defendant of requiring plaintiff and class members to work off-the-clock during meal periods, rest periods, and after scheduled shifts)). The Court finds that plaintiff has so alleged here. FAC ¶ 16-18. Accordingly, plaintiff has satisfied the willfulness pleading requirement, and should she amend to provide more factual detail for this claim as explained above, she need not amend her pleading on willfulness.

### E.    Inaccurate Wage Statement Claim

Defendant argues that plaintiff's seventh claim for relief, for failure to provide accurate wage statements should be dismissed first on the basis that she has not alleged a single instance wherein she was provided such an inaccurate statement. Mot. at 15. Additionally, defendant argues that plaintiff does not allege sufficient facts to demonstrate that inaccurate wage statements were provided knowingly and intentionally. Id. at 16. Defendant contends that plaintiff also fails to allege that she or other putative class members suffered injury as a result of receiving inaccurate wage statements, which is fatal to her claim. Id.

In opposition, plaintiff argues that this claim is properly pled and should not be dismissed, since defendant also bases dismissal on the notion that plaintiff must plead a specific date and wage statement under Landers. Id. at 20. Plaintiff argues that she is not required to provide such specifics, rather she contends she simply "must plead facts showing an improper wage statement was issued on one or more occasions." Id. Plaintiff alleges that she has alleged predicate violations making the wage statements inaccurate, including that defendant maintained policies affirmatively failing to pay her for all work performed. Id. at 21. As to the pleading of an injury, plaintiff sets forth paragraphs of the FAC she argues do adequately claim cognizable injury apart from the provision of inaccurate wage statements. Id. at 21-22.

In reply, defendant argues that plaintiff fails to refute that she is required to plead facts showing that an improper wage statement was issued on one or more occasion. Reply at 11-12. Additionally, defendant contends that plaintiff incorrectly argues that she is not required to allege facts demonstrating that defendant provided inaccurate wage statements knowingly and intentionally to plead around the specific holding of Naranjo v. Spectrum Security Servs., Inc., 15 Cal. 5th 1056, 1090 (2024). Id. at 12. Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

argues that while this case is the most recent binding authority on the question, demonstrating that a violation is knowing and intentional is a requirement under Labor Code § 226(e). Id. Further, defendant reiterates its argument that plaintiff has not alleged that she suffered a cognizable injury by receiving allegedly inaccurate wage statements. Id. at 12-13. Defendant argues that "none of the 'injuries' alleged by Plaintiff are sufficient because there is no allegation that she was required to refer to other documents or information to ascertain any of the allegedly inaccurate information on her wage statements." Id. at 13.

The Court finds that in order to state an independent claim, plaintiff would need to identify at least one inaccurate wage statement, which she fails to do here. Byrd, 2016 WL 756523, at *3 (dismissing an inaccurate wage statement claim based on plaintiff's failure to "identify a single deficient wage statement"). Accordingly, plaintiff's seventh claim for relief for failure to provide accurate wage statements is properly dismissed on this basis, with leave to amend. The Court addresses defendant's other arguments to provide clarity on what kind of pleading is required should plaintiff amend.

Defendant argues that plaintiff must plead that the failure to provide accurate wage statements was knowing and intentional. In order to state injury pursuant to Labor Code § 226(e), a plaintiff must show three elements: (1) failure to include in the wage statement one or more of the required items from Labor Code § 226(a); (2) that the failure was "knowing and intentional"; and (3) a resulting injury. Fodera v. Equinox Holdings, Inc., No. 19-cv-05072-WHO, 2020 WL 3961985, at *2 (N.D. Cal. July 13, 2020) (quoting Brewer v. Gen. Nutrition Corp., No. 11-cv-3587-YGR, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015)). Plaintiff has not pled that the violations were knowing and intentional, and thus fails this requirement to state a claim, as defendant argues. Should plaintiff seek to amend, she would need to plead that the violations were knowing and intentional in order to state a claim.

Defendant also argues that plaintiff's claim fails because she has not pled any cognizable injury. The Court concludes that plaintiff has stated an injury because the Court may presume injury when plaintiff alleges that certain categories are omitted from the wage statement, and plaintiff would have to seek that information elsewhere, including total hours worked. Id. at *3. Plaintiff alleges that correct total hours worked were not included in some wage statements and this resulted in her and other putative class members having to "perform mathematical computations to determine the amounts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information." FAC ¶ 21. This is sufficient to allege injury. If plaintiff seeks to amend her Complaint, she need not plead additional information regarding injury in order to state her seventh claim for relief.

### F.     UCL Claim

Defendant argues that plaintiff's UCL claim fails because it is derivative of plaintiff's other claims which fail as a matter of law. Mot. at 17. Defendant contends that to the extent plaintiff's UCL claim is based on payments she alleges are owed to her under § 226, these payments are not subject to restitution under the UCL. Id.

In opposition, plaintiff argues that because her other claims are properly pled, her UCL claim should not be dismissed as derivative. Opp. at 22-23.

In reply, defendant reiterates that plaintiff's UCL claim fails because it is derivative of her other claims that it argues fail. Reply at 14. Additionally, defendant argues that plaintiff does not dispute, and as a result concedes, that her UCL claim should be dismissed because § 226 payments are not subject to restitution under the UCL. Id.

The Court finds that to the extent plaintiff's UCL claim is based on claims that this Court has concluded should be dismissed, plaintiff's UCL claim, derivative of those claims, must be dismissed as well. See William L. Stern, Business and Professions Code § 17200 Practice, 3:56 (Rutter Group 2019 ed.) (citing Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. 4th 1050, 1060 (2005) (explaining that if an underlying claim is dismissed, there is nothing to base a derivative UCL claim on)). The Court dismisses plaintiff's eighth claim for relief under the UCL, with leave to amend, insofar as it is derivative of plaintiff's prior claims for relief which have been dismissed. The Court proceeds to address defendant's § 226 argument, in order to provide guidance to plaintiff on her amendment. However, plaintiff's UCL claim based on a § 226 violation is dismissed at this time because her underlying § 226 claim is dismissed.

The Court agrees with defendant that damages under § 226 for inaccurate wage statements are not subject to restitution under the UCL. Dawson v. Hitco Carbon Composites, Inc., No. 16-cv-7337-PSG-FFMx, 2017 WL 7806561, at *9 (C.D. Cal. Aug. 3, 2017). The Court thus concludes that to the extent plaintiff seeks to amend and state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

UCL claim based on § 226, this claim would not be viable as wages owed are not restitutionary under the UCL.

### G.    PAGA Claim

Defendant argues that plaintiff's PAGA claim fails, insofar as it is predicated on the factually and legally insufficient allegations that support her prior claims for relief. Mot. at 17. Additionally, defendant argues that plaintiff's PAGA claim fails to the extent that it is based on violations of § 204 because the FAC lacks any allegations suggesting that defendant failed to pay wages consistent with § 204's timing requirements. Id. at 18. Accordingly, defendant argues, citing to § 204's language alone without any relevant factual allegations is insufficient to state a claim for failure to timely pay wages during employment. Id.

In opposition, plaintiff argues that because her other claims are properly pled, her PAGA claim should not be dismissed as derivative. Opp. at 22-23.

In reply, defendant reiterates that plaintiff's PAGA claim fails because it is derivative. Reply at 14. Further, defendant contends that plaintiff does not dispute, and therefore concedes, that she cannot state a PAGA claim for violations of § 204 because there are no allegations in the FAC that plausibly suggest failed to pay wages consistent with § 204's timing requirements. Id. at 14-15.

To the extent that plaintiff's PAGA claim is based on Labor Code violations which have been dismissed herein, plaintiff's PAGA claim is dismissed with leave to amend. See FAC ¶ 100. To provide further clarity, the Court notes that it agrees with defendant's argument that insofar as plaintiff's PAGA claim is based on § 204, she has not sufficiently alleged the claim. The PAGA claim based on § 204 fails because § 204 deals only with timeliness of the payment of wages owed. See Cal. Lab. Code § 204; Hadjavi v. CVS Pharmacy, Inc., No. CV 10-04886 SJO RCX, 2010 WL 7695383, at *2 (C.D. Cal. Sept. 22, 2010) ("California Labor Code Section 204(a) deals solely with the timing of wages and not whether these wages were paid, and Plaintiffs fail to allege that Defendants failed to maintain two regular pay days each month, within the dates required in California Labor Code Section 204(a)"). To the extent that plaintiff's PAGA claim is based on a violation of § 204, if she amends, she is required to plead that payments of minimum and overtime wages were untimely. Because she has not done so, her claim is dismissed, to the extent it is based on § 204, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

### H.    Injunctive and Declaratory Relief

Defendant also argues that plaintiff lacks standing to pursue injunctive relief because she is no longer an employee and "cannot establish that she will suffer any threat of real and immediate future harm as a result of the past misconduct alleged in the FAC." Mot. at 18. Defendant argues that the claim for injunctive relief should be dismissed without leave to amend. Id. at 19. Similarly, defendant argues that plaintiff's request for declaratory relief should be dismissed or stricken without leave to amend because declaratory relief is not available to redress past wrongs, and thus her claim fails as a matter of law. Id. Because plaintiff only seeks to address past wrongs here, defendant argues, declaratory relief is inapposite. Id.

In opposition, plaintiff argues that her claims for injunctive and declaratory relief should not be denied. Opp. at 23. She argues that defendant "fails to cite any particular factual grounds demonstrating that [she] is a former employee who is not entitled to injunctive relief," and that Labor Code § 2699.3, which took effect in 2024, applies to this case and provides her the right seek injunctive relief. Id. Plaintiff argues that declaratory relief is proper because the relationship between the parties, including between the putative class members and aggrieved employees is ongoing. Id.

In reply, defendant argues that as to injunctive relief, plaintiff lacks standing to pursue such a claim and that her argument that defendant has not shown that she is a former employee who is not entitled to relief is misplaced because plaintiff bears the pleading burden and asserts that defendant terminated her employment elsewhere in the FAC. Reply at 15. Accordingly, as a former employee, defendant argues, plaintiff does not have standing to pursue injunctive relief. Id. Defendant argues that plaintiff's reliance on the PAGA amendment does not obviate the Article III standing requirement that she demonstrate a real or immediate threat of irreparable injury to be entitled to injunctive relief. Id. As to declaratory relief, defendant reiterates that plaintiff's allegations in her FAC concern only past misconduct allegedly committed against her, and that her argument in opposition that relationship is ongoing is misleading because she expressly asserts that she was terminated. Id. at 16.

On defendant's argument regarding injunctive relief, the Court concludes that plaintiff is not entitled to prospective injunctive relief because she lacks standing. Though plaintiff argues that defendant fails to state to factual grounds that she is a former employee, plaintiff states that defendant terminated her employment. FAC ¶ 15. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

Ninth Circuit has established that "a former employee has no claim for injunctive relief
addressing the employment practices of a former employer absent a reasonably certain
basis for concluding that she has some personal need for prospective relief." Bayer v.
Neiman Marcus Grp., Inc., 861 F.3d 853, 865 (9th Cir. 2017). This is true even where
plaintiff is seeking prospective relief on behalf herself and putative class members, some
of whom are current employees. Richards v. Ernst & Young LLP, 2010 WL 682314
(N.D. Cal. 2010). However, the Court finds that plaintiff may be entitled to injunctive
relief in the form of restitution under the UCL, for claims other than those resting on
violations of § 226, as discussed above. Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal. 4th
116, 126 (2000) (holding that "[t]hrough the UCL a plaintiff may obtain restitution and/or
injunctive relief against unfair or unlawful practices in order to protect the public and
restore to the parties in interest money or property taken by means of unfair
competition"). Accordingly, a restitutionary claim may be appropriate on some grounds,
though prospective injunctive relief is inappropriate.

As to declaratory relief, the Court concludes that plaintiff may not seek prospective
declaratory relief because she is a former employee, and therefore seeks declaratory relief
for alleged wrongs that happened in the past. Such relief is inappropriate, as declaratory
relief can only be sought prospectively and not to redress past wrongs. Amaral v.
Wachovia Mortg. Corp., 692 F. Supp. 2d 1226, 1235 (E.D. Cal. 2010) (quoting Babb v.
Superior Court, 3 Cal. 3d 841, 848 (1971)). Though plaintiff argues that other unnamed
class members have an ongoing relationship with defendant, and that accordingly
declaratory relief is appropriate, the Court concludes it is not because plaintiff herself
does not face the possibility ongoing injury. Lewis v. Casey, 518 U.S. 343, 357 (1996)
(holding that to have standing, a plaintiff who represents a class must show personal
injury, "not that injury has been suffered by other, unidentified members of the class to
which they belong and which they purport to represent") (internal quotations omitted).

## I.     Sick Pay Allegation

Defendant argues that plaintiff alleges defendant did not include all remuneration
when calculating the correct sick day rate of pay, but plaintiff does not include a claim
for relief on this basis and the FAC does not include allegations that could support such a
claim if one was pled. Id. Therefore, defendant argues that the FAC does not provide it
with the grounds on which relief is sought, and the allegation should be stricken. Id. at
19-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | June 23, 2025 |
|---|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

In opposition, plaintiff argues that the allegation regarding sick pay is a factual allegation and that defendant "cannot strike a factual allegation because there are no factual allegations to support a factual allegation," thus the Court should disregard this argument. Id. at 24.

In reply, Defendant reiterates that plaintiff's sick pay allegation must be stricken because she has not pled a claim for failure to include all remuneration when calculating the sick day rate of pay. Id. Defendant argues that plaintiff's argument that the paragraph is solely factual allegations is irrelevant because none of the allegations supply facts that would support a claim for failure to pay sick pay at the proper rate. Id. Defendant contends that it argues not only that the allegation should be stricken because it is factually unsupported, but also that "it is a legal argument that is not tethered to any actual claim or cause of action pled by [p]laintiff." Id.

The Court concludes that this allegation is not properly stricken at this time.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |