UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| | | | | |
|---|---|---|---|---|
| Case No. | 2:25-cv-00826-CAS-PVCx | | Date | November 17, 2025 |
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Dkt. 39, filed on September 8, 2025)

## I.    INTRODUCTION

On August 15, 2024, plaintiff Diana A. Bernardo ("Plaintiff") filed this putative class action against defendants Carl's Jr. Restaurants, LLC ("Defendant" or "Carl's Jr.") and Does 1-10 (collectively, "Defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). On October 22, 2024, plaintiff filed a first amended complaint in Los Angeles County Superior Court against the same defendants. Dkt. 1, Ex. B ("FAC"). Plaintiff asserted nine claims for relief in her FAC: failure to pay minimum wages pursuant to Cal. Lab. Code §§ 204, 1194, 1194.2, 1197; failure to pay overtime compensation pursuant to Cal. Lab. Code §§ 1194, 1198; failure to provide meal periods pursuant to Cal. Lab. Code §§ 226.7, 512; failure to authorize and permit rest breaks pursuant to Cal. Lab. Code § 226.7; failure to indemnify necessary business expenses pursuant to Cal. Lab. Code § 2802; failure to timely pay final wages at termination pursuant to Cal. Lab. Code §§ 201-203; failure to provide accurate itemized wage statements pursuant to Cal. Lab. Code § 226; unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"); and civil penalties under the California Private Attorney General Act, Cal. Lab. Code § 2699, *et seq.* ("PAGA").[1]    Id.

---

[1] The complaint asserted the same claims as the FAC, with the exception of the ninth claim under PAGA, which was added in the FAC. Compare Compl., with FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

On January 30, 2025, Carl's Jr. removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Dkt. 1. On May 2, 2025, plaintiff filed a motion to remand the case to Los Angeles County Superior Court. Dkt. 14. On June 2, 2025, the Court denied plaintiff's motion to remand. Dkt. 23.

On February 24, 2025, defendant filed a motion to dismiss portions of plaintiff's FAC. Dkt. 11. On June 23, 2025, the Court granted in part and denied in part plaintiff's motion to dismiss. Dkt. 27. The Court dismissed all of plaintiff's claims except her failure to pay overtime compensation claim, with leave to amend. Id. at 5-21.

On July 23, 2025, plaintiff filed a second amended complaint. Dkt. 30. On August 13, 2025, the parties stipulated to permit plaintiff leave to file a third amended complaint, dkt. 36, which the Court granted. Dkt. 37.

On August 18, 2025, plaintiff filed her operative third amended complaint. Plaintiff's TAC asserts seven claims for relief: (1) failure to pay overtime compensation pursuant to Cal. Lab. Code §§ 1194, 1198; (2) failure to provide meal periods pursuant to Cal. Lab. Code §§ 226.7, 512; (3) failure to authorize and permit rest breaks pursuant to Cal. Lab. Code § 226.7; (4) failure to timely pay final wages at termination pursuant to Cal. Lab. Code §§ 201-203; (5) failure to provide accurate itemized wage statements pursuant to Cal. Lab. Code § 226; (6) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); and (7) civil penalties under the California Private Attorney General Act, Cal. Lab. Code § 2699, et seq. ("PAGA"). Dkt. 38 ("TAC").

On September 8, 2025, defendant filed the instant motion to dismiss portions of plaintiff's TAC. Dkt. 39 ("Mot."). On October 27, 2025, plaintiff filed an opposition. Dkt. 41 ("Opp."). On November 3, 2025, defendant filed a reply ("Reply").

On November 17, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff is a California resident who worked for defendants in Los Angeles County, California as an hourly, non-exempt cashier from August 2022 to December 2024. TAC ¶ 8. Defendant Carl's Jr. is a Delaware corporation that maintains offices,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

has agents, employs individuals, and transacts business in Los Angeles, California. Id. ¶ 10.

Plaintiff brings her first six claims as a class action on behalf of herself and certain current and former employees of defendants. Id. ¶ 2. The purported class, estimated to be greater than 100 individuals, consists of "[a]ll persons who worked for any [d]efendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the [c]lass is sent." Id. ¶¶ 23, 26. Plaintiff brings her seventh claim as a representative action under PAGA. Id. ¶ 3.

Plaintiff states that she was typically scheduled to work five days in a workweek, in excess of eight hours per day. Id. ¶ 14. Plaintiff alleges that "[t]hroughout the statutory period, [d]efendants failed to pay [p]laintiff for all hours worked (including minimum wages and overtime wages), failed to provide [p]laintiff with uninterrupted meal periods, failed to authorize and permit [p]laintiff to take uninterrupted rest periods, failed to indemnify [p]laintiff for necessary business expenses, failed to timely pay all final wages to [p]laintiff when [d]efendants terminated [p]laintiff's employment, and failed to furnish accurate wage statements to [p]laintiff." Id. ¶ 15. According to plaintiff, her experience was typical. Id.

Plaintiff alleges that defendants "maintained a policy and practice of not paying" plaintiff and the putative class members for all hours worked, including overtime wages. Id. ¶ 16. For example, plaintiff states that during each of the workweeks beginning on August 13, 2024 and ending August 19, 2024, August 27, 2024 through September 2, 2024, and September 3, 2024 through September 9, 2024, plaintiff worked at least one shift in which she worked more than eight hours in a single shift, but was not paid at an overtime rate for any of her work. Id. Plaintiff alleges that instead of compensating her for overtime hours at an overtime rate, she was compensated for overtime hours at her regular hourly rate. Id.

Plaintiff further alleges that defendants wrongfully failed to provide plaintiff and the putative class with legally compliant meal periods. Id. ¶ 17. Plaintiff states that defendants often required them to work in excess of five consecutive hours without providing a 30-minute, continuous and uninterrupted, duty-free meal period, or without compensating them accordingly. Id. Plaintiff further alleges that defendants did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

adequately inform her and the putative class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than ten hours, by the end of the tenth hour of work. Id. Plaintiff also alleges that defendants did not provide plaintiff and the putative class with a meal period premium of one hour's wages at their regular rate of pay as required by California law when the employees were not provided with a legally compliant meal period. Id. For example, plaintiff alleges that during the workweek beginning September 3, 2024 and ending on September 9, 2024, plaintiff worked at least one shift in which she worked more than eight hours and for which she was not provided with a meal period, nor was she provided with a meal period premium of one hour's wages that she was entitled to as a result of not being provided with a meal period. Id.

Plaintiff further alleges that defendants also wrongfully failed to permit plaintiff and the putative class to take timely and duty-free rest periods which they were legally entitled to. Id. ¶ 18. Plaintiff states that defendants often required them to work in excess of four consecutive hours per day, without permission to take a net ten-minute, continuous and uninterrupted rest period, or without compensating them accordingly. Id. Plaintiff also states that defendants did not adequately inform them of their right to take a rest period or maintain accurate records of employee work and rest periods. Id. For example, plaintiff alleges that she and the putative class members were required to prioritize defendants' assignment of "heavy workloads," including assisting customers and third-party delivery drivers, before and during rest periods, resulting in late, shortened, interrupted, or missed rest periods. Id. For example, plaintiff alleges that these rest break violations occurred nearly every week that plaintiff worked for defendants, including during each of the workweeks beginning on August 13, 2024 and ending August 19, 2024, August 27, 2024 through September 2, 2024, and September 3, 2024 through September 9, 2024. Id.

Plaintiff also alleges that defendants "willfully failed and refused" to timely pay plaintiff and the putative class at the conclusion of their employment, including minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Id. ¶ 19. For example, plaintiff alleges that when she quit her employment in December of 2024, she was not paid for all the wages that she was owed. Id. Plaintiff alleges that as a result of defendant's failure to pay all of her wages due within 72 hours of her separation from employment, plaintiff was entitled to continuation wages for a period of 30 days, in the amount of at least $5,409.60 based on her base pay rate of $22.54. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

Lastly, plaintiff states that defendants failed to furnish accurate, itemized wage statements showing all applicable rates and wages earned. Id. ¶ 21. Plaintiff asserts that this failure resulted in injury to the putative class members by forcing them to perform calculations to determine what was owed to them and causing them to lose accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits owed to them. Id.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.  DISCUSSION**

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's sixth cause of action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. Mot. at 1.

Defendant argues that plaintiff's UCL claim fails as a matter of law because plaintiff has not pled that she lacks an adequate remedy at law to entitle her to equitable relief under the UCL. Id. at 2. Defendant argues that plaintiff's UCL claim is derivative and "wholly predicated on her allegations of Labor Code violations pled in her First through Third Causes of Action for which she also seeks legal remedies in the form of monetary damages." Id. at 2-3. Defendant further argues that because the UCL provides only for equitable remedies, in order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy. Id. at 3 (citing Guzman v. Polaris Indus., Inc., 49 F.4th 1308, 1312 (9th Cir. 2022); Smith v. United Seating and Mobility L.L.C., 2024 WL 4441082, at *5 (C.D. Cal. Sep. 11, 2024)).

Here, defendant argues that plaintiff's UCL claim seeks "'restitution of the wages withheld and retained by Defendants' for the alleged underlying Labor Code violations … but the TAC fails to—and it cannot—allege that Plaintiff lacks an adequate legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

remedy under the Labor Code for the same purported violations. On the contrary, Plaintiff's TAC alleges her purported entitlement to wages and damages in connection with each cause of action upon which her UCL claim is based." Id. Therefore, defendant argues that plaintiff's equitable UCL claim fails. Id. at 4 (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) and other cases).

In opposition, plaintiff argues that defendant's motion should be denied because it is an improper motion for reconsideration and that plaintiff's UCL claim is properly pled. Opp. at 1. First, plaintiff claims that "Defendant's prior argument that payments allegedly owed to Plaintiff under Section 226 are not subject to restitution under the UCL is effectively the same as its current claim that Plaintiff cannot seek equitable relief because she has an adequate remedy at law" because "[b]oth arguments rest on the same fundamental premise[] that Plaintiff is barred from pursuing restitution or equitable relief under the UCL whenever the same alleged conduct gives rise to potential damages or statutory remedies under the Labor Code." Id. at 4. Plaintiff argues that defendant's "repetitive argument is procedurally improper and should be disregarded." Id. (citing cases).

Second, plaintiff argues that under Federal Rule of Civil Procedure 8(a)(3), plaintiff may seek both damages and equitable relief. Id. at 5-6. Furthermore, plaintiff argues that "[c]ourts have repeatedly recognized that payments due under Labor Code section 226.7, including premium pay for missed meal and rest breaks, are recoverable as restitution under the UCL." Id. at 6-7 (citing district court cases in the Ninth Circuit that predate Sonner).

In reply, defendant argues that "[a]t the pleadings stage ... a plaintiff seeking equitable relief must '*allege some facts* suggesting that damages are insufficient to make them whole.'" Reply at 3 (quoting Gibson v. Jaguar Land Rover N. Am., LLC, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020)) (emphasis in original). Defendant cites to district court caselaw supporting this proposition. Id. at 3-4.

As a preliminary matter, the Court finds that defendant's motion is not an improper motion for reconsideration. Defendant's prior motion to dismiss plaintiff's first amended complaint never raised the argument that plaintiff's equitable UCL claim was deficient because plaintiff had failed to plead the inadequacy of a legal remedy. See dkt. 11 at 17. Nor did the Court address this issue in its order addressing defendant's motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

plaintiff's initial complaint. See generally dkt. 27. Accordingly, defendant's present motion to dismiss is not procedurally improper.

    The Court finds that the Ninth Circuit's decisions in Sonner and Guzman do not preclude plaintiff from simultaneously pleading her California Labor Code claims and her UCL claims derived from those Labor Code claims here. In Sonner, the Ninth Circuit held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under" the UCL and CLRA. Sonner, 971 F.3d at 837. "That holding, the Ninth Circuit explained, flowed from the principle that 'a federal court must apply traditional equitable principles before awarding restitution,' an equitable remedy. Id. at 841. One well-established equitable principle is that equitable remedies will not be awarded when there is an 'adequate remedy at law.'" Zeiger v. WellPet LLC, 526 F. Supp. 3d 652, 686–87 (N.D. Cal. 2021) (quoting Sonner, 971 F.3d at 842).

    In Guzman, the Ninth Circuit reaffirmed Sonner's holding that "under this federal inadequate-remedy-at-law principle, if … plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court. Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1312 (9th Cir. 2022). The Ninth Circuit also clarified that "Sonner's holding applies … regardless of whether the plaintiff has tried to avoid the bar to equitable jurisdiction through gamesmanship … [such as strategic pleading] to avoid a jury trial." Id. at 1313. The Ninth Circuit did not, however, squarely address the issue presented by defendant's motion here: whether a plaintiff in federal court may simultaneously plead California Labor Code claims and equitable UCL claims predicated on those Labor Code claims without first alleging that she lacks an adequate legal remedy under the Labor Code. See mot. at 2-4; Guzman, 49 F.4th at 1312-13.

    One court in this district has answered this question in the negative. Smith v. United Seating & Mobility L.L.C., No. 8:24-CV-00747-FWS-DFM, 2024 WL 4441082, at *6 (C.D. Cal. Sept. 11, 2024). The Smith court confronted a motion to dismiss claims nearly identical to those presented by plaintiff in this case: class action claims under the California Labor Code and a UCL claim predicated on those Labor Code claims. Id. at *3. Like plaintiff here, the Smith plaintiff sought declaratory relief and restitution under the UCL. Id. Citing Guzman, the Smith court granted defendant's motion to dismiss, finding that plaintiff had failed to allege the inadequacy of a legal remedy despite that the Labor Code claims were time-barred for certain class members. Id. at *5. The court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

further concluded that the Smith plaintiff's UCL claim may not be pled cumulatively with, nor in the alternative to, the Labor Code claims. Id. at *5-6.

The argument that a plaintiff may plead equitable remedies in the alternative and without pleading the inadequacy of legal remedies "has been explicitly rejected by numerous courts post-Sonner." Clevenger v. Welch Foods Inc., No. SACV 20-01859-CJC (JDEX), 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022) (collecting cases). Nonetheless, this Court disagreed with these district courts when it found that a plaintiff may plead unjust enrichment in the alternative to breach of contract. Regions Bank v. Car Wash Mgmt., LLC, No. 2:25-CV-00359-CAS-KSX, 2025 WL 2765231, at *14 (C.D. Cal. Sept. 25, 2025). This Court reasoned that "Sonner involved a distinguishable procedural posture in which plaintiff's operative complaint sought only equitable restitution under state law and did not allege an inadequate legal remedy that was plainly available. … In this context, the Ninth Circuit concluded that … a plaintiff must allege an inadequate legal remedy before pursuing equitable restitution. However, the Sonner court did not impose this requirement on pleadings for equitable relief in the alternative to legal remedies." Id. at *14 (citations omitted). Guzman did not impose such a requirement, either. See Guzman, 49 F.4th at 1312-13.

Here, plaintiff seeks relief under the California Labor Code and under the UCL. Her claims are properly pled under Fed. R. Civ. P. 8(a)(3) ("a demand for the relief sought … may include relief in the alternative or different types of relief") and Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

At oral argument, counsel for defendant did not contest plaintiff's right to seek alternative relief under Rule 8. However, counsel cited to Klaehn v. Cali Bamboo LLC, in which the Ninth Circuit affirmed the district court's decision to dismiss "Plaintiffs' claims for UCL equitable relief because Plaintiffs [in that case] failed to make any plausible allegation that they lacked an adequate remedy at law." No. 21-55738, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022). In response, counsel for plaintiff stated that if plaintiff were required to amend her complaint, she would allege that she lacks an adequate remedy at law for her equitable UCL claim. Accordingly, the Court finds it appropriate to dismiss plaintiff's UCL claim and grant plaintiff leave to amend to allege that she lacks an adequate remedy at law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00826-CAS-PVCx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Diana A Bernardo v. Carl's Jr. Restaurants LLC | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss with leave to amend plaintiff's UCL claim to allege that she lacks an adequate remedy at law.

Plaintiff shall file a fourth amended complaint on or before December 1, 2025.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |