THE SENTINEL FIRM, APC
Seung L. Yang SB# 249857
E-Mail: seung.yang@thesentinelfirm.com
Tiffany Hyun SB# 311743
E-Mail: tiffany.hyun@thesentinelfirm.com
Andrew Weaver SB# 318935
E-Mail : andrew.weaver@thesentinelfirm.com

355 S. Grand Ave #1450
Los Angeles, California 90071
Tel: (213) 985-1150
Fax: (213) 985-2155

Attorneys for Plaintiff
DIANA A BERNARDO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DIANA A BERNARDO, individually, and on behalf of all others similarly situated, and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act;

Plaintiff,

vs.

CARL'S JR RESTAURANTS, LLC, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:25−cv−00826-CAS-PVC

**FOURTH AMENDED CLASS ACTION COMPLAINT:**

1. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];
2. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];
3. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];
4. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];
5. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and
6. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].
7. Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.

**DEMAND FOR JURY TRIAL**

Plaintiff Diana A Bernardo ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant Carl's Jr Restaurants, LLC and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2. Plaintiff brings the First through Sixth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3. Plaintiff brings the Seventh Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the State of California, and past and present non-exempt, hourly-paid employees of Defendants who worked in California during the applicable statute of limitations period (hereinafter referred to as the "Aggrieved Employees").

4. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants'

business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

5. Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a) Failing to pay employees for overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay at the regular rate of pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay at the employee's regular rate of pay for each workday a rest period violation occurred;

(d) Willfully failing to pay employees all overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(e) Failing to maintain accurate records of the hours that employees worked; and

(f) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "*respondeat superior*."

## THE PARTIES

### Plaintiff

8. Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as an hourly, non-exempt Cashier starting in approximately August 2022. Plaintiff resigned her employment with Defendants in approximately December of 2024.

9. Plaintiff reserves the right to seek leave to amend this complaint to add new or additional plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### Defendants

10. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Carl's Jr Restaurants, LLC is:

(a) A Delaware corporation that maintains offices, has agents, employs individuals, and/or transacts business in Los Angeles, California;

(b) A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles;

and

(c) The employer of Plaintiff, and the current and/or former employer of the putative Class and the Aggrieved Employees. Defendant suffered and permitted Plaintiff, the Class, and the Aggrieved Employees, and/or controlled their wages, hours, or working conditions.

11. Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff, the Class, and the Aggrieved Employees as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

12. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff, the Class, and the Aggrieved Employees in the State of California.

13. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other

Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California, as a Cashier during the statutory period. Plaintiff was typically scheduled to work up to 5 days in a workweek, and typically in excess of 8 hours in a single workday.

15. Throughout the statutory period, Defendants failed to pay Plaintiff all of her wages for all hours worked (including overtime wages), failed to provide Plaintiff with legally compliant meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Plaintiff's employment ended, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative, and occurred on a class-wide basis.

16. Throughout the statutory period, Plaintiff, the Class, and the Aggrieved Employees often worked more than 8 hours in a workday and/or more than 40 hours in a workweek, for which they were entitled to be paid at an overtime rate under California law. Defendants maintained a policy and practice of not paying Plaintiff, the Class, and the Aggrieved Employees for all hours worked at the appropriate rates, including paying all overtime wages when Plaintiff, the Class and Aggrieved Employees were entitled to them. For instance, during each of the workweeks beginning on August 13, 2024 and ending August 19, 2024, August 27, 2024 through September 2, 2024, and September 3, 2024

through September 9, 2024, Plaintiff worked at least one shift in which she worked more than eight hours in a single shift, but was not paid at an overtime rate for any of her work. Instead of compensating Plaintiff for overtime hours at an overtime rate, she was compensated for overtime hours are her regular hourly rate.

17. Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants often required Plaintiff, the Class, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing timely 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff, the Class, and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff, the Class, and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Plaintiff, the Class and the Aggrieved Employees were often not provided with legally-compliant meal periods during many workweeks in which they worked for Defendants as a result of Defendants' policy and practice of simply not providing them even though employees were entitled to them. For example, Plaintiff was required to ask permission before taking a meal period, and often was made to wait, work through the lunch period, or take a shortened lunch period depending on the labor demand that day. Moreover, Defendants did not provide Plaintiff, the Class and the Aggrieved Employees with a meal period premium of one hour's wages at their regular rate of pay as required by California law when the employees were not provided with a legally-compliant meal period. For example, during the workweek beginning September 3, 2024 and ending on September 9, 2024, Plaintiff worked at least one shift in which she worked more than eight hours and which she was not

provided with a meal period at all, nor was she provided with a meal period premium of one hour's wages that she was entitled to as a result of not being provided with a meal period. As a result of Defendants' policy and practice, Plaintiff, the Class, and the Aggrieved Employees were often not provided with uninterrupted and complete meal periods or the wages that they were entitled to.

18. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff, the Class, and the Aggrieved Employees to take timely and duty-free rest periods which they were legally entitled to take. Defendants often required Plaintiff, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a net 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction thereof), or without compensating Plaintiff, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff, the Class, and the Aggrieved Employees of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff, the Class, and the Aggrieved Employees were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff, the Class, and the Aggrieved Employees took rest periods during the middle of each work period. Plaintiff, the Class, and the Aggrieved Employees were required to prioritize Defendants' heavy workloads including assisting customers before starting or during purported rest periods, resulting in shortened, interrupted, or missed rest periods. In fact, under California law, Plaintiff, the Class, and the Aggrieved Employees were never

provided with compliant rest periods because they were required to remain on duty and available to finish work tasks and assist customers. Plaintiff contends that she performed work during what were purported to be rest periods during nearly every day in which she worked for Defendant because she was required by Defendants to remain available to perform work and assist customers instead of taking off-duty rest breaks. Plaintiff was instructed by her manager to assist third party delivery drivers with orders that were being picked up while on her rest break, which resulted in her rest breaks being interrupted nearly every shift. Moreover, Plaintiff was never provided with the additional hour's wages that she was entitled to as a premium for not being provided with legally compliant rest periods. These rest break violations occurred nearly every week that Plaintiff worked for Defendants, including during each of the workweeks beginning on August 13, 2024 and ending August 19, 2024, August 27, 2024 through September 2, 2024, and September 3, 2024 through September 9, 2024. Plaintiff observed that this policy was uniformly applied to all employees. Plaintiff observed that other employees were also directed to assist delivery drivers picking up orders while on their purported breaks. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff, the Class, and the Aggrieved Employees to take rest periods in compliance with California law.

19. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff, the Class, and the Aggrieved Employees at the conclusion of their employment all wages for all overtime wages, meal period premium wages, and rest period premium wages and is liable for the unpaid wages as well as continuation wages called for by California Labor Code § 203 for failure to pay all wages due. Further, Defendants did not pay Plaintiff, the Class, and the Aggrieved Employees their final paychecks immediately upon termination. For example, when Plaintiff quit her employment in December of 2024, she was not paid for all of the wages that she was owed, including the

unpaid overtime, meal period premiums and rest period premiums as referenced above. As a result of Defendant's failure to pay all of her wages due within 72 hours of her separation from employment, Plaintiff was entitled to a continuation wages for a period of 30 days, in the amount of at least $5,409.60 based on her base pay rate of $22.54. This figure does not include the wages which were unlawfully withheld from her and remain unpaid by Defendants. Defendants' failure to pay such wages was willful and intentional, as Defendants implemented the policies and practices resulting in the unpaid wages and are in possession of records putting them on actual notice that Plaintiff, the Class and the Aggrieved Employees were not paid properly. Accordingly, Defendants' policy and practice was to not provide Plaintiff, the Class, and the Aggrieved Employees with all of their wages at the conclusion of their employment in violation of California law.

20. Throughout the statutory period, Defendants failed to furnish Plaintiff, the Class, and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). For example, the wage statement issued on August 26, 2024 for the workweek August 13, 2024 through August 19, 2024, the wage statement issued on September 9, 2024 for the workweek August 27, 2024 through September 2, 2024, and the wage statement issued on September 16, 2024 for the workweek September 3, 2024 through September 9, 2024, each incorrectly stated that Plaintiff did not work any hours which qualified as overtime. However, as noted above, Plaintiff did work hours which qualified as overtime during that period. Moreover, Plaintiff was entitled to meal and/or rest period premiums during these workweeks which she was not paid for. The failure

to issue accurate wage statements (including, but not limited to Plaintiff's wage statements identified above) was a knowing and intentional omission because Defendant's failure to indicate the correct wage rates or pay Plaintiff and the Class properly was the result of its own policies and practices, as well as the fact that it was in possession of time-recording information that put it on direct notice that Plaintiff, the Class and the Aggrieved Employees were not being paid correctly under California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff, the Class, and the Aggrieved Employees suffered injury because, among other things:

(a) the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b) the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c) the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d) the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e) the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h) the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff, the Class, and the Aggrieved Employees were entitled, and Plaintiff, the Class, and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

21. Throughout the statutory period, Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*. Plaintiff alleges this claim as an alternative remedy to the California Labor Code claims pled herein under F.R.C.P Rule 8. In the alternative to claims available under the California Labor Code, Plaintiff alleges that she lacks an adequate remedy at law.

Thus, Plaintiff, the Class, and the Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification

under California Code of Civil Procedure § 382 and/or Rule 23 of the Federal Rules of Civil Procedure.

23. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

24. The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the Class is sent.

25. At all material times, Plaintiff was a member of the Class.

26. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

27. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) <u>Numerosity</u>: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and

adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

(e) Public Policy Considerations: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of

direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

28. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by the Named Plaintiff, in that all of these employees have been harmed by Defendant's failure to comply with the wage and hour provisions identified. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b) Failed to adequately provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e) Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f) Failed to reimburse Class Members for all necessary business expenses; and

(g) Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

29. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 and/or Federal Rule of Civil Procedure 23 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the

interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

30. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Overtime Wages)**

31. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

32. California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

33. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial

Welfare Commission is unlawful.

34. At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

35. At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

36. By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

37. By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

38. Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

## SECOND CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

39. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

40. Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a

workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

41. Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

42. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages at the regular rate of pay for each workday he or she was not provided with all required meal period(s), plus interest thereon.

**<u>THIRD CAUSE OF ACTION</u>**

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

43. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

44. Defendants are required by California law to authorize and permit breaks of net 10 uninterrupted minutes for each four hours of work or major fraction thereof (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize

rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

45. Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

46. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages at the regular rate of pay for each workday he or she was not provided with all required rest break(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

47. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

48. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

49. Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by

quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

50. Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

51. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

52. Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

53. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## FIFTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

54. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

55. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an

accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

56. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," the correct wage rates, and the failure to list the true net wages earned.

57. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

58. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

59. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and

the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

60. Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

**SIXTH CAUSE OF ACTION**

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

61. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62. Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

63. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

64. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

65. A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

66. Plaintiff alleges this claim as an alternative remedy to the California Labor Code claims pled herein under F.R.C.P Rule 8. In the alternative to claims available under the California Labor Code, Plaintiff alleges that she lacks an adequate remedy at law.

**Failure to Pay Overtime Wages**

67. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

68. Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

69. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

70. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

71. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

72. Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge

money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

73. Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.)**

74. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

75. At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

76. California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

77. Plaintiff has exhausted her administrative remedies pursuant to California Labor Code § 2699.3. On August 15, 2024, she gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiff and certain current and former aggrieved employees, including the facts and theories to support the violations. Plaintiff also paid the filing fee. Plaintiff's PAGA case number is LWDA-CM-1045745-24.

78. More than 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint. These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 558, and 2699(f)(2).

79. In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods, and total hours worked daily shall also be recorded. Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

80. During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to maintain accurate records showing

meal periods, and accurate records of the hours Plaintiff and the Aggrieved Employees worked. Defendants' failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the time they actually worked. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

81. Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of himself, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

82. In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and

3. That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

5. For general unpaid wages at overtime wage rates as may be appropriate;

6. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

8. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

9. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

10. For unpaid meal period premium wages as may be appropriate;

11. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

12. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

13. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

14. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

15. For unpaid rest period premium wages as may be appropriate;

16. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

17. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

18. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

19. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

20. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

21. For pre-judgment interest on any unpaid wages from the date such amounts were due;

22. For reasonable attorneys' fees and for costs of suit incurred herein; and

23. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

24. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

25. For penalties and actual damages pursuant to California Labor Code § 226(e);

26. For reasonable attorneys' fees and for costs of suit incurred herein; and

27. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

28. That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq*. by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, and failing to indemnify necessary business expenses;

29. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

30. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

31. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

32. For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

2. That the Court declare, adjudge and decree that Defendants violated the California Labor Code by failing to pay all wages owed, including overtime, failure to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to indemnify necessary business expenses, failing to pay final wages at termination, and failing to furnish accurate wage statements;

33. For all actual, consequential and incidental losses, according to proof;

34. For all civil penalties pursuant to California Labor Code § 2699, et seq., and all other applicable Labor Code provisions;

35. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699; and,

36. For such other and further relief as the Court may deem equitable and appropriate.

As to all Causes of Action

37. For any additional relief that the Court deems just and proper.

DATED: December 1, 2025 **THE SENTINEL FIRM, APC**

By: [signature]

Seung L. Yang
Tiffany Hyun
Andrew Weaver

Attorneys for Plaintiff Diana A Bernardo

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all causes of action triable by jury.

DATED: December 1, 2025 **THE SENTINEL FIRM, APC**

By: ______________________

Seung L. Yang
Tiffany Hyun
Andrew Weaver

Attorneys for Plaintiff Diana A Bernardo

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT )
)
CENTRAL DISTRICT OF CALIFORNIA )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; the address from which I served the document listed below is 355 S Grand Ave, Suite 1450, Los Angeles, California 90071. On December 1, 2025, I served the foregoing document described as:

**FOURTH AMENDED CLASS ACTION COMPLAINT**

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

**BAKER HOSTETLER**
Attorneys for Carl's Jr. Restaurant, LLC.
Matthew C. Kane, Esq. (mkane@bakerlaw.com)
Sylvia Kim, Esq. (sjkim@bakerlaw.com)
Amy Beverlin, Esq. (abeverlin@bakerlaw.com)
Kerri Sakaue, Esq. (ksakaue@bakerlaw.com)
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 1, 2025, at Los Angeles, California.

Ivette Hernanez
Name

Signature